STATE OF NEVADA, APPELLANT, *v.* WILLIAM SALGE, RESPONDENT.

There is no statute requiring a District Attorney to sign an indictment. But even if his signature is necessary, still if that officer does sign it, and instead of signing " H., District Attorney of Douglas County," signs " H., Prosecuting Attorney of the 8th Judicial District (Douglas County composing that District) it is well.

When a prisoner has pleaded " not guilty," it is in the discretion of the Court whether, or not, to allow him to withdraw that plea to interpose another.

The prisoner has, however, an absolute right to withdraw that plea to interpose any good defense which has arisen since the last continuance of the case.

The Court properly refused to allow defendant to withdraw his plea of " not guilty," to interpose a plea that was not sufficient in law as a defense, and besides being defective in form, could not by amendment be made available.

When a prisoner makes out a proper case for continuance, on account of the absence of a material witness, it is error to compel him to go to trial on the admission of the District Attorney that the witness, if present, would swear to the facts as stated by defendant.

Although the prisoner may not have made out a very clear case for a continuance, still if the Court below was of opinion that injustice was done the prisoner because of the absence of his witness, the Court was justified in granting a new trial.

When an order is made excluding defendant's witness from the court room, so that neither witness shall hear the others testify, and some of the witnesses come in during the trial, this may discredit such witnesses, and subject them to punishment for contempt. But the defendant himself not being in fault, is entitled to their testimony.

APPEAL from an order granting a new trial in the District Court of the Second Judicial District, Ormsby County, Hon. R. S. MESICK, Judge of the First Judicial District, presiding.

The facts are stated in the Opinion of the Court.

*Thomas E. Haydon,* for Appellant.

This Appeal is authorized by Statutes of 1861, p. 486, sec. 469.

It is in the discretion of the Court to exclude a witness from testifying, who has improperly, and in violation of the order of the Court, come in whilst other witnesses are testifying. (1 Greenleaf on Ev. 432 ; 3 Starkie on Ev. 1733, and notes G. and H. ; 1 Phillips' Ev. 268, notes and references ; Part 1, Cowen & Hills'

The State *v.* Salge.

notes to Phillips on Ev. note 501, page 720 ; 1 Arch. Crim. Prac. and Pleading, 167 and note 2 ; 2 Roscoe's Crim. Ev. 163.)

It is only necessary, to avoid a continuance, to admit that the absent witness will swear to the facts set out in the affidavit. It is not necessary to admit such facts are true.  (2d edition Wharton, 835 ; 9 Pick. 575.)

These errors, if they were errors, were insufficient to authorize a new trial.  (Stat. of 1861, sec. 428, page 421.)

The affidavit for continuance was insufficient, the witnesses being out of the jurisdiction.  (2 Ala. 320 ; 1 Ala. 275 ; 1 Howard, [Miss.] 100 ; 6 Smead & Marshall, 451.)

Their testimony was cumulative, and there was no probability of procuring their attendance at a subsequent term of the Court. (Wharton Criminal Law, 2d edition, page 832 and notes ; *Com.* v. *Millard*, 1 Mass. 6, and note ; 1 Archbold's Crim. Prac. and Pleading.)

*J. Neely Johnson, J. J. Musser*, and *R. M. Clarke*, for Respondent.

Opinion by BEATTY, J., full Bench concurring.

Wm. Salge was indicted for grand larceny.  He was first tried and convicted and sentenced in Douglas County, where the offense was alleged to have been committed.  That judgment was reversed, and the defendant obtained a change of venue to Ormsby County. He was again put on his trial, and the jury again found him guilty. The Court before which he was tried made an order granting him a new trial, and the State appeals from that order.

The new trial was applied for on various grounds of alleged error committed by the Court during the progress of the trial. The Judge seems to have thought he did err in some one or more of the points alleged to have been error.

The appellant now takes on itself to show that the Court did not err in the progress of the trial ; that the only error was in supposing and acting upon the proposition that some error had before that time been committed.

This leads us to the necessity of examining *seriatim* the errors alleged to have been committed in the progress of the trial.

By consent of parties, on the eleventh day of June, 1866, the trial was set for the twenty-seventh of that month, with the express understanding when the case was set, that the defendant in agreeing to set the trial for that day, should not be considered as having waived any right " to object to the indictment by motion, demurrer, plea or otherwise." On the twenty-ninth of June, the case came on in its order for trial, and defendant asked leave to withdraw his plea of not guilty, which had been entered prior to the trial in Douglas County. The Court refused to allow the withdrawal of the plea unless upon good cause shown. The defendant then moved for leave to file motion to quash indictment. This the Court also refused unless some good cause were shown for so doing. The defendant then presented to the Court a written motion to quash the indictment because it was signed by the " Prosecuting Attorney of the Eighth Judicial District," an officer unknown to the law. The Court ruled that the written paper contained no good ground for quashing the indictment, and refused to let it be filed.

Respondent contends that the indictment was defective ; that it should have been signed by the " District Attorney of Douglas County," and not being so signed the Court should have allowed the motion to be filed, and should thereon have quashed the indictment.

We know of no law which requires an indictment to be signed. Section 234 of the Criminal Practice Act states what the indictment shall contain. Section 235 gives the form of an indictment. Section 243 states that an indictment shall be sufficient when certain things can be understood therefrom. Among other things, " That it was found by a Grand Jury of the District in which the Court was held."

But in none of these sections is anything said about the indictment being signed by the District Attorney. Hence we are inclined to think it is not at all necessary that an indictment should be signed by the District Attorney. But even if such signature were necessary, we think in this case the signature was not defective. This Court and all other Courts must take judicial notice of the laws of the State. We know that Douglas County, and that county alone, composed the Eighth Judicial District of the State of

Nevada when this indictment was found.    We also know that District Attorney and Prosecuting Attorney are synonymous terms.

The Constitution calls this officer District Attorney.    But the law prescribing the duties of these officers says they shall be " public prosecutors " in their respective counties.    (See Laws of 1864–5, p. 387.)    In another law of the same Legislature (see pp. 163–4) the terms District Attorney and Prosecuting Attorney are used to designate the same officer.

The term, then, District Attorney or Prosecuting Attorney of Douglas County would be one and the same thing.    So Prosecuting Attorney of the Eighth Judicial District of Nevada is the same thing precisely as Prosecuting Attorney of Douglas County, because Douglas County constitutes the Eighth Judicial District.

The defendant then asked leave to withdraw his former plea of not guilty and file a plea of former conviction.    That plea was offered to the Court, and set out the facts of the former trial, conviction and sentence in Douglas County, and that the defendant had been for a short period confined in the State Prison under the judgment based on the conviction in Douglas County.

It is well settled that, where a prisoner has pleaded not guilty, it is in the discretion of a Court whether or not to allow him to withdraw that plea to interpose another and different plea.    (See 1st Chitty's Criminal Law, 436.)

There is, however, this qualification to that rule, if the defendant wishes to plead something which would be a good defense, and which has taken place since the last continuance of the cause, then he has an absolute right to do so.    The Court could not deprive a party for instance of the right to plead a pardon which had been granted since the last continuance of the case.

In this case the Court had a right to refuse to let the prisoner withdraw his plea of not guilty.    But at the same time, if a *good plea of autre fois acquit since the last continuance* was interposed by the defendant, the Court must properly dispose of that before proceeding with the trial of the issue, guilty or not guilty.

But in this case we think the plea was not a good one, because it is not averred that there had been a prior *lawful* conviction. The plea is informal, and therefore the Court had a right to disregard it and proceed with the trial on the plea of not guilty.    Had

this been a real *bona fide* plea, and only defective in form, doubtless it would have been more consonant with justice for the Court itself to have suggested the amendment in form necessary to make it an available defense.    But in this case it was a mere attempt to plead a judgment of the District Court of Douglas County, which had been reversed by this Court, and consequently was no bar to any future prosecution or proceeding on the same indictment.    The Court was right in disregarding this plea and proceeding to trial.

After these preliminary motions were disposed of, the defendant filed an affidavit, and thereupon moved for a continuance on account of the absence of material witnesses.    The Court ruled that a continuance would be granted unless the State would admit that the absent witnesses, if present, would swear to the facts as alleged in the affidavit.    Upon the State making this admission, the defendant was forced to go to trial without his witnesses.    Respondent now contends, and we think rightfully, that if he made out a case for continuance, it was error to compel him to go to trial on such admissions.    An admission that if a witness were present he would swear to certain facts is not calculated to have the same effect as if a respectable witness were present in Court, swearing to the same state of facts.    We think that where a defendant makes out a clear case for a continuance, owing to the absence of a witness, and shows that he is likely to obtain the testimony of that witness by the next term of the Court, he is entitled to the continuance, notwithstanding the State may be willing to admit that the witness, if present, would swear as claimed by the defendant.

In this case the defendant's affidavit did not, perhaps, make out a very clear case for a continuance.    The Court might, in its discretion, perhaps, have either granted or refused a continuance, even without imposing any conditions on the State.    The conditions, if they did not benefit the defendant, certainly did him no harm.    Upon this branch of the case we think it was very much in the discretion of the Judge of the Court below, whether he should or should not grant a new trial.    If, from all the circumstances as developed on the trial, the Court was satisfied that injustice was done to defendant in not allowing him further time to procure his witnesses, and there was any probability that their presence might

have varied the result, then we think the Court would, on this ground, have been justifiable in granting a new trial.

There was, however, one other point in which we think the Court erred during the progress of the trial, and which must sustain the action of the Court in granting a new trial.  The defendant, at the commencement of the trial, asked the Court to place the witnesses of the State under rule, so that no one witness might hear another giving his testimony.  This was done ; and upon the request of the District Attorney the defendant's witnesses were placed under a similar rule.  During the trial some of the defendant's witnesses came in and heard a part of the testimony for defense, and for this reason were afterwards excluded from testifying.  The record does not show how much of the evidence they heard, whether their presence was accidental, and a mere oversight in the witnesses, or whether it was a deliberate disobedience of the order of the Court. Nor does the record show that the defendant himself was at all blamable for their presence.  Being a prisoner at the bar, on trial, it is hardly presumable the defendant could have controlled the witnesses.  No misconduct on their part (in which the defendant did not participate) could deprive the prisoner of his right to have the testimony.  If the witnesses willfully disobeyed the orders of the Court, they laid themselves liable to punishment for contempt, and threw suspicion on their testimony, but did not affect the defendant's right to have the benefit of their testimony as far as it was worth anything.

The order of the Court granting a new trial is sustained, and the Court below will proceed with the further trial of the case.