## JOSE RAMOS, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 3231

October 11, 1938.                    83 P.(2d) 147.

*Edward A. Ducker, Jr.,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews* and *Alan Bible,* Deputy Attorneys-General; and *W. R. Reynolds,* District Attorney, for the State:

## OPINION

By the Court, HATTON, District Judge:

The defendant was charged by the information with the crime of murder. He being without means, the court appointed an attorney to represent him. Thereafter defendant entered a plea of guilty, whereupon the court took testimony as a basis for determining the degree of the crime and for fixing the penalty, after which the crime was fixed as murder in the first degree and the defendant was sentenced to death.

A few days before the date fixed for the execution, the Mexican Consul at San Francisco engaged defendant's present attorney to take an appeal in the case, but long prior to his employment the time for the taking of a bill of exceptions had expired. However, the clerk

of the court in certifying up the record proper embraced in it the testimony taken, as above stated.

Counsel for the defendant strenuously urges that the testimony sent up shows that there was no proof of the corpus delicti, and that hence the judgment must be reversed.

Section 10068, Nev. Comp. Laws 1929, provides, inter alia, "* * * the jury before whom any person indicted for murder shall be tried, shall, if they find such person guilty thereof, designate by their verdict whether it be murder of the first or second degree; but, if such person shall be convicted on confession in open court, the court shall proceed, by examination of witnesses, to determine the degree of the crime, and give sentence accordingly. Every person convicted of murder in the first degree shall suffer death or confinement in the state prison for life, at the discretion of the jury trying the same; or upon a plea of guilty the court shall determine the same * * *."

Upon a plea of guilty of murder, there devolves upon the trial court the duty, first, of taking testimony for the purpose of determining the degree of the crime. If, as in this case, the crime is found to be that of murder in the first degree, the court must then fix the penalty, either of life imprisonment or death. The statute proceeds upon the theory that, by entering a plea of guilty, no issue is left as to the defendant's guilt of the crime of murder. State v. Ceja, 53 Nev. 272, 298 P. 658, 2 P.(2d) 124. This is the well-recognized rule. 14 Am. Jur., p. 952, sec. 272.

We cannot consider the testimony certified up by the clerk because it is not embodied in a bill of exceptions. The only purpose of the testimony was to enable the court to determine the degree of the crime and the penalty to be imposed, and the district attorney naturally limited the evidence offered to such as would enable the court to determine those matters.

It is urged on behalf of the defendant that this

court should establish an exception to the rule that, upon a plea of guilty, no issue is left to be determined, and hold that, upon plea of guilty to a charge of murder, the state should nevertheless be required to present proof of the corpus delicti—the fact of death caused by the act of the defendant.  It is argued by the defendant's counsel that, notwithstanding the plea of guilty, the victim of the shooting might still be alive, or the shots might not have been the cause of death.  After careful search, we are unable to find support, either under the common law or by statute, for such an exception to the rule.  The law as it stands affords to the defendant a number of safeguards against a miscarriage of justice.  An attorney was appointed by the court to appear with the defendant on his arraignment and sentence, and it is reasonable to presume that no circumstance had come to the attention of the defendant's counsel, the district attorney or the trial court which would raise a doubt as to the fact or cause of death.

The judgment appealed from is affirmed, and the district court is directed to fix a time and make the proper order for carrying into effect by the warden of the state prison the judgment rendered.