## EMELIO GIORGETTI, Appellant, *v.* ROBERT PECCOLE, Respondent.

No. 3685

March 6, 1952. 241 P.2d 199.

*Taylor and Gubler,* and *Jones, Wiener & Jones,* all of Las Vegas, for Appellant.

*George E. Franklin, Jr.,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.

This is an appeal by defendant Emelio Giorgetti from the judgment and from an order denying his motion for a new trial.

The sole allegations of the complaint were: "That on or about the 8th day of March, 1950, the defendant became indebted to the plaintiff in the sum of EIGHTEEN THOUSAND THREE HUNDRED THIRTY THREE DOLLARS AND THIRTY THREE CENTS ($18,333.33), for money had and received by said defendant for the use and benefit of the plaintiff; that no part of said sum of $18,333.33 has been paid, although plaintiff has demanded same from said defendant." Issue was joined by general denial.

In support of the appeal defendant assigns six matters of error, the second of which is that "The trial court committed error in its refusal to grant defendant's motion for continuance, and that for this error the judgment should be reversed." We agree with this contention, and will therefore confine the discussion to this point.

When the case was called for trial, counsel for the defendant moved for a continuance of the trial, and filed on behalf of his client a "Notice of Motion for Continuance," which notice specified: "The said motion will be made and based upon the ground that the defendant is unable to attend the said trial because of illness." The affidavit attached to the "Notice of Motion for Continuance" stated:

"V. Gray Gubler, being first duly sworn according to law, deposes and says:

"That he is one of the attorneys for the defendant in the above entitled action; that said defendant, EMELIO GIORGETTI, telephoned affiant Monday evening, May 14, 1951, from Mills Memorial Hospital, San Mateo, California, and advised affiant that he, EMELIO

GIORGETTI, flew to California Sunday, May 13, 1951, for medical examination and treatment by his doctor, Harry E. Mason, M.D., of Redwood City, California, who thereupon placed him, EMELIO GIORGETTI, in Mills Memorial Hospital, San Mateo, California, for emergency surgery; that Mr. Giorgetti further advised that said emergency surgery was scheduled to be performed this date, Tuesday May 15, 1951, and that he had been advised by his doctor that it would be necessary for him to remain in the hospital ten days or thereabouts.

"That affiant advised the defendant to have his said doctor wire, confirming the fact of such hospitalization and operation, and later, last that night received a telephone call from the Las Vegas office of Western Union advising the receipt of a telegram which has since been delivered and is now in affiant's possession, as follows:

"Emelio Giorgetti is a patient in Mills Memorial Hospital, San Mateo, California. He will be operated upon May the 15th 1951. (Stop) Affidavit to follow.

"Dr. Harry E. Mason."

"That Tuesday evening, May 15, 1951, affiant received a telephone call from the defendant who advised that he had been operated on Tuesday afternoon.

"That the defendant, EMELIO GIORGETTI, is the only defense witness intended to be called on the trial of the above entitled action; that defendant and his attorneys can not go to trial and defend the above entitled action without defendant's being present to testify; that the deposition of the defendant could not be taken for the reason that his inability to be in attendance at the trial was not learned until said telephone call May 14, 1951; that the presence of said defendant is indispensable to a fair trial of the cause and that if continuance is granted the party will appear within a reasonable time or his testimony will be procured by deposition.

"That this application for continuance is made in good faith and not for the purpose of delay merely.

"WHEREFORE, affiant, on behalf of defendant and defendant's attorneys, respectfully requests that the trial setting of the above entitled action be vacated, and that the trial be later re-set to commence whatever day may be convenient to the Court and counsel and at a time sufficiently deferred to permit the attendance of the defendant. * * *"

The record of the lower court shows that on Wednesday, May 16, 1951, the case of Robert Peccole, plaintiff, v. Emelio Giorgetti, defendant, came up for hearing before the court, sitting without a jury, and the following proceedings were had, as set forth in the court minutes:

"Mr. Taylor offered Motion for Continuance on behalf of defendant and moved the Court in accordance with said motion and offered in support thereof the affidavit of V. Gray Gubler, Esq., attached to said motion, and all the records and papers on file.

"No counter affidavit by Mr. Franklin.

"Argument by Mr. Franklin. Argument by Mr. Wiener.

"Thereafter, by the Court: Ordered that the Motion for Continuance be and the same is hereby denied for failure to comply with Rule XII of the Rules of the District Court.

"This time the Court proceeded with the trial of the action."

Following the trial judgment was rendered in the sum of $18,000.

District court rule No. XII provides as follows:

"All motions for the continuance of causes shall be made on affidavit, and, when made on the ground of absence of witnesses, the affidavit shall state:

"First—The names of absent witnesses, and their present residence or abiding place, if known.

"Second—What diligence has been used to procure

their attendance, or depositions, and the causes of a failure to procure the same.

"Third—What the affiant has been informed and believes will be the testimony of each of such absent witnesses, and whether or not the same facts can be proven by other witnesses than parties to the suit, whose attendance or depositions might have been obtained.

"Fourth—At what time the applicant first learned that the attendance or depositions of such absent witnesses could not be obtained.

"Fifth—that the application is made in good faith and not for delay merely.

"And no continuance will be granted unless the affidavit upon which it is applied for conforms to this rule, except where the continuance is applied for in a mining case, upon the special ground provided by statute. A copy of the affidavits upon which a motion for a continuance is made, shall be served upon the opposing party as soon as practicable after the cause for the continuance shall be known to the moving party. Counter affidavits may be used in opposition to the motion. No amendments or additions to affidavits for continuance will be allowed after they have been read, and no argument will be heard on motions for a continuance, except such as relate to the sufficiency of the affidavits read on the hearing."

It is to be noted that the requirements of Rule XII relative to the matters to be covered by affidavit apply only where the motion is made upon the ground of the absence of witnesses. Defendant's motion for continuance was not made upon the ground of "absence of witnesses" but upon the ground of the absence of the defendant. Therefore that portion of Rule XII has no application here. The justification for a continuance based upon absence of a witness is the testimony which that witness is expected to give. If it be shown to be inadmissible or if it be stipulated that the witness would

so testify, the court might well refuse a continuance upon that ground. Such is not the case when the ground is absence of a party.

In case of Jaffe v. Lilienthal, 101 Cal. 175, 35 P. 636, 637, the court stated as follows:

"Respondent suggests that it does not appear that plaintiff was a witness, nor that his attorney used any diligence to prepare for the trial. It seldom happens that a trial can be properly had in the absence of the plaintiff, even where he is disqualified as a witness, especially where it is to be tried upon oral testimony. With all the care that can reasonably be taken by both attorney and client, some matter of vital importance is liable to be overlooked by them until the trial calls it to the recollection of the plaintiff, and this is especially true in relation to matters purely in rebuttal. It is the right of parties to be present at the trial of their cases. * * * In such case the dismissal is the absolute destruction of the plaintiff's right, and so serious a penalty should not be imposed unless the due administration of justice clearly requires it."

So, here, the importance of defendant's presence, and the nature of his testimony in rebuttal would depend upon the plaintiff's evidence, entirely uncertain at this point, under his common law count of money had and received.

The granting of motions for continuance, save as governed by the provisions of Rule XII, remains within the discretion of the trial court. However, it is clear from the record before us that the trial court erroneously felt itself bound by the provisions of Rule XII and in effect refused to exercise any discretion in the matter. From the record it would appear that had such discretion been exercised the motion in all probability would have been held meritorious and been granted.

It will be noted that in the "Notice of Motion for Continuance" it is stated: "The motion will be made and

based upon the ground that the *defendant is unable to attend the said trial because of illness."* (Emphasis supplied.)

As was stated in Morehouse v. Morehouse, 136 Cal. 332, 68 P. 976, 977:

"The necessity of defendant's presence at the trial, if not sufficiently apparent from the nature and circumstances of the case, is shown by the affidavit of his attorney; and the impracticability of his attendance by the affidavit of his attending physician. * * *"

Also in the affidavit it is stated: "That the defendant, Emelio Giorgetti, is the only witness intended to be called on the trial of the above entitled action."

It must also be taken into consideration that no counter affidavit was filed by the plaintiff, and according to the record no motion for a continuance had theretofore been made by the defendant. The record shows that the case was called for trial one month and twenty-five days after the filing of the complaint; that the delay resulting from the granting of the motion would have been of short duration. There was a $20,000 cash bond on file to secure any judgment the plaintiff might obtain. The plaintiff would not suffer any material damage by the delay. No lack of defendant's good faith is suggested.

The judgment appealed from should be reversed, with costs, and remanded for trial.

It is so ordered.

BADT, C. J., and MERRILL, J., concur.

ON PETITION FOR REHEARING

April 1, 1952.

*Per Curiam:*

**Rehearing denied.**