JACK RAINSBERGER, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 4198

April 6, 1960                    350 P.2d 995

*Samuel S. Lionel,* of Las Vegas, for Appellant.

*Roger D. Foley,* Attorney General, and *George Foley,*
District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MCNAMEE, C. J.:

On November 26, 1958 an information was filed in the court below charging appellant with murder. Appellant appeared for arraignment on November 28, 1958, and at his request that the court appoint an attorney to represent him, Samuel S. Lionel, Esquire, was appointed attorney for appellant.

On motion of appellant's counsel the arraignment was ordered continued until December 1, 1958, and at the time so appointed, appellant's counsel requested a further continuance until December 15, 1958. On the last-mentioned day, and again at the request of appellant's counsel, the matter was continued until January 9, 1959, at which time the arraignment took place, appellant pleaded guilty to the charge contained in the information, and the matter was continued until January 20, 1959 for the purpose of taking evidence to determine the degree of the crime charged and the punishment to be

imposed. On January 15, 1959 appellant was present in court with his counsel when the state made a motion that the hearing to determine degree and punishment be continued from January 20, 1959 to a later date in order to obtain the attendance of certain witnesses for the state. Over the objection of appellant, the said hearing was continued until February 19, 1959. From the evidence presented at the hearing the court concluded that appellant was guilty of murder in the first degree and fixed the penalty at death.

Appellant has assigned several errors which are hereinafter considered separately:

(1) Error is claimed in the action of the court in granting a continuance so that witnesses for the state could be present to testify. Rule 21 (formerly Rule 12), Rules of District Court, requires motions for continuance to be made upon affidavit and further provides that no continuance will be granted unless the affidavit conforms to the rule. Although the affidavit was not in strict compliance with Rule 21, the trial court nevertheless had discretion to grant a continuance upon the showing that the application for continuance was made in good faith and not merely for delay. Giorgetti v. Peccole, 69 Nev. 76, 241 P.2d 199.

(2) Defendant contends that it was error for the court to permit witnesses to testify for the state whose names were endorsed on the information after the hearing had started. In State v. Monahan, 50 Nev. 27, 249 P. 566, this court said: "* * * the endorsement of names of witnesses upon an information is largely a matter of discretion of the court; and, in the absence of a showing of abuse, or that some substantial injury has resulted to the accused, an order permitting such endorsement, even after the trial has commenced, does not constitute of itself reversible error." The witnesses so permitted to testify were agents of the Federal Bureau of Investigation and their testimony related only to the presence of the defendant at the scene of

the crime. Since this fact was admitted by the defendant through his plea of guilty to the homicide, no prejudice resulted to the defendant. It further appears that the court offered to grant defendant a continuance in order to meet the testimony of these witnesses but such offer was rejected.

(3) Error is claimed in the court's refusal to permit defendant's witness, one Padbury, to testify. The reason for the court's refusal was that said witness had sat in the courtroom for five minutes before being called. NRS 48.250 provides: "If either party require it, the judge may exclude from the courtroom any witness of the adverse party, not at the time under examination, so that he may not hear the testimony of other witnesses." Appellant's counsel asked that the rule be invoked as to the state's witnesses, but the court in its order invoked it as to all witnesses in the case.

It is to be noted that this section of the Nevada statutes is part of its civil practice sections and makes it mandatory upon trial courts in civil actions to exclude witnesses when the rule is invoked. While this state has no statutory requirement for the exclusion of witnesses in criminal actions, nevertheless it is within the discretion of the trial court to exclude witnesses from the courtroom during criminal proceedings. See 24 C.J.S., sec. 1872, p. 770.

In 6 Wigmore, Evidence sec. 1837 (3d ed. 1940) the history of the expedient of separating witnesses "in order to detect falsehood by exposing inconsistencies," is traced from ancient times. "The practice," it is stated, "of course crossed the water with the common law. Today, in many jurisdictions of the United States and Canada, statutes have expressly (though unnecessarily) made provision for sequestration, usually concerning its employment before committing magistrates."

While a violation of the rule may subject a witness to punishment such as contempt of court and will affect

his credibility it will not of itself operate to render the witness incompetent to testify. State v. Lewis, 50 Nev. 212, 255 P. 1002; State v. Salge, 2 Nev. 321.

Before the witness Padbury could even state his name, respondent objected to his giving testimony because he had been sitting in the courtroom. The witness' presence in the courtroom was without the knowledge of appellant's counsel and was due to a misunderstanding on the part of the witness. The court sustained the objection and refused to permit the witness to testify. We think this was prejudicial error. In State v. Salge, supra, this court said: "The record does not show how much of the evidence they heard, whether their presence was accidental, and a mere oversight in the witnesses, or whether it was a deliberate disobedience of the order of the court. Nor does the record show that the defendant himself was at all blamable for their presence. Being a prisoner at the bar, on trial, it is hardly presumable the defendant could have controlled the witnesses. No misconduct on their part (in which the defendant did not participate) could deprive the prisoner of his right to have the testimony. If the witnesses willfully disobeyed the orders of the court, they laid themselves liable to punishment for contempt, and threw suspicion on their testimony, but did not affect the defendant's right to have the benefit of their testimony as far as it was worth anything."

(4) Inasmuch as the appellant must be afforded a new hearing we deem it necessary to comment briefly upon appellant's remaining assignments of error. Evidence in the record was sufficient (contrary to appellant's contention) to show that appellant's confession was voluntary and therefore properly admitted in evidence. There was no evidence which appellant was permitted to present which could compel a different conclusion. Although the record is silent as to what Padbury's testimony would have been, it is stated in appellant's brief that if Padbury had been permitted to testify, his testimony might have influenced the court to disregard the confession. This becomes significant because statements

in the confession were relevant to the determination of the degree of the offense.

Appellant contends that there was no evidence independent of the confession to prove the corpus delicti. This contention is without merit. While we are of the opinion that the corpus delicti was sufficiently shown by reason of our holding in the case of Sefton v. State, 72 Nev. 106, 295 P.2d 385, it must be remembered that the proceeding under our statute for determining the degree of the crime of murder and for fixing the penalty therefor on a plea of guilty is not a trial. State v. Blackwell, 65 Nev. 405, 198 P.2d 280, 200 P.2d 698. The determination of the degree does of course require a judicial determination based on competent evidence, material and relevant to the question of degree. People v. Bellon, 180 Cal. 706, 182 P. 420. But no other issue is left to try and the state is not required to present proof of the corpus delicti. Ramos v. State, 58 Nev. 446, 83 P.2d 147.

Because of the prejudicial error aforesaid the judgment is reversed and the sentence vacated. The cause is remanded for a new hearing in accordance with the provisions of subsection 3 of NRS 200.030.

It is further ordered that the Honorable Grant Bowen, Judge of the Second Judicial District, and the Honorable Merwyn H. Brown, Judge of the Sixth Judicial District, be and they are hereby appointed, along with the Honorable John Mowbray, successor of the Honorable Ryland G. Taylor, deceased, who was the District Judge before whom appellant's plea of guilty was made, to determine the degree of the crime and give sentence accordingly.

BADT and PIKE, JJ., concur.