ROOSEVELT MILLER, APPELLANT, *v.*
STATE OF NEVADA, RESPONDENT.

No. 4293

December 9, 1960                    357 P.2d 122

Robert Santa Cruz, of Las Vegas, for Appellant.

Roger D. Foley, Attorney General, Jack C. Cherry, District Attorney, Clark County, and Charles L. Garner, Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, McNamee, C. J.:

Appellant was convicted of burglary in the first degree by jury verdict and under the judgment of the court was sentenced to a term in the state prison of not less than one nor more than three years. Appeal is from such judgment and from the order denying his motion for a new trial.

On March 27, 1959 at 11:00 p. m., Sgt. Goerke of the Nevada State Patrol noticed a Cadillac automobile parked near the corner of Mesquite and 23rd Streets in Las Vegas, Nevada. A television set was on the ground nearby and a man was bending over the front of the car. Goerke drove around the block, summoned the police, and on returning to the scene he noticed the Cadillac was traveling about a block away without lights. He overtook the car, had the three occupants who were identified as appellant Miller, Albert Henderson, and William McDonald get out, and he then awaited the police. Upon the arrival of the police, the said three occupants were arrested. In the automobile an adding machine, a typewriter, two or three television sets, and a new camera were found. The tags on some of these articles indicated that the merchandise was from McMahan's Furniture Store, Las Vegas, Nevada. At 11:30 p. m. of the same evening, the police went to said furniture store and ascertained that the glass part of the rear door had been broken, making easy access into

the store possible. An hour and a half earlier, the door had been intact. Appellant admitted that he and McDonald, in company with Henderson, had picked up a television set from the back of a building about a block from the 100 block of North Ninth Street (the back of McMahan's Furniture Store was located in the 100 block of North Eighth Street), and had loaded it and other items into the Cadillac and then the car was driven to 23rd Street. An investigation by the assistant manager of the furniture store disclosed that three television sets, two typewriters, and several pieces of camera equipment were missing. Some of the articles found in the Cadillac were identified as some of the articles missing from the store.

The specifications of error are considered separately.

1. Upon completion of the selection of the jury and before the introduction of any evidence, appellant's counsel made a motion for the exclusion of witnesses. Error is claimed in the denial of said motion. As pointed out in Rainsberger v. State, 76 Nev. 158, 350 P.2d 995, this state has no statutory requirement for the exclusion of witnesses in criminal actions. Appellant contends however that NRS 178.225[1] makes applicable to criminal actions NRS 48.250 which provides for the exclusion of witnesses during civil trials. NRS 178.225 refers to evidence in civil actions and not to procedure; consequently it has no application to NRS 48.250, a procedural statute.

Even if there is no statute requiring exclusion of witnesses upon motion in criminal cases, appellant states that the trial judge had discretion in the matter, and when he denied the motion without giving any reason for his ruling, he failed to exercise his discretion. We are not convinced by this argument. It appears from the record that the trial judge in denying the motion was aware of his legal discretion in the matter but

---

[1]NRS 178.225: "The rules of evidence in civil actions shall be applicable also to criminal actions, except as otherwise provided in this Title."

found no sufficient reason for invoking the rule of exclusion. Appellant fails to point out, and indeed an examination of the record fails to disclose, that appellant was in any manner prejudiced by said ruling.

2.   Misconduct of Deputy District Attorney Garner prejudicial to the substantial rights of appellant is asserted.

During the cross-examination of one of the state's witnesses, appellant's counsel asked the witness whether he knew the names of the three suspects.

"A. I read the names on a report.

"Q. McDonald was arrested along with the defendant, Roosevelt Miller, was he not? A. That is what I read in the report, sir.

"By Mr. Garner: Your honor, I think the record will speak for itself. William Clifford McDonald has entered a plea of guilty."

Appellant's counsel immediately objected to this remark of Mr. Garner. The court sustained the objection and ordered the remark stricken from the record. Upon appellant's request the court admonished the jury to disregard the same.

It is to be noted that appellant did not ask for a mistrial, and that the court did everything appellant requested in order to cure any error resulting from the remark of counsel. Furthermore, in the final written instructions, the jury was instructed not to consider any offer of evidence rejected by the court and to base its finding and decision only upon the evidence admitted at the trial. Under these circumstances the asserted misconduct was not prejudicial. In fact it might be argued that such a remark would be beneficial to the appellant as indicating that McDonald alone had committed the burglary.

3.   Error is claimed in the admission in evidence of the articles assertedly stolen, upon the ground that they were not sufficiently identified. The record discloses that McMahan's Furniture Store had been burglarized within

the hour and a half preceding the appellant's apprehension; that some of the articles found in his possession, i.e., in the joint possession of all three suspects, bore McMahan's tags; and that similar articles were missing from McMahan's store. The assistant manager of the store was able to identify some of the articles in evidence as being some of the missing articles. We find no merit to this claim of error.

4. Appellant claims that the trial court erred in receiving in evidence Exhibit Q which was a photograph of the articles impounded upon the apprehension of appellant. In order to locate a party suspected of receiving stolen goods, the articles were placed in the Cadillac automobile and taken by McDonald, who was released from custody for this purpose, to a Utah Street address where the suspected recipient appeared and was arrested. After the arrest, the photograph, Exhibit Q, was taken.

The purpose of the introduction of Exhibit Q was solely to perfect the chain of custody of the stolen articles from the time of their theft and of their recovery thereafter to the time of the trial, in order to prove identity of the articles. This was not an attempt to show the commission of another crime by appellant as occurred in Nester v. State, 75 Nev. 41, 334 P.2d 524. In fact, the evidence showed that appellant was not involved in this second episode. The exhibit was relevant to the issue of identity of the goods, and any prejudice which might have resulted to appellant by proof of the apprehension of another person suspected of a criminal offense was incidental. Furthermore, because the existence of the second arrest was first shown by appellant's counsel during the cross-examination of a state witness who was called in connection with the identification of the said articles recovered from appellant, he cannot now assert prejudicial error if any there was. Appellant has failed to point out in what manner the reception in evidence of Exhibit R, which was a list of the items shown

in Exhibit Q and identified as such, was prejudicial, although such exhibit may well have been immaterial.

5. Appellant assigns as error the court's refusal to give its requested instruction pertaining to reasonable doubt and the giving of certain instructions pertaining to the unexplained possession of recently stolen property. An examination of the 44 instructions given reveals that the subject matter of said proffered instruction was given, and given in the only manner permitted by statute. NRS 175.195. The instructions as given were all based on correct propositions of law as applied to the particular evidence in this case.

6. We have concluded from the record that the evidence therein was sufficient to identify some of the property in the possession of appellant at the time of his arrest to be property of McMahan's Furniture Store, which property had been stolen within an hour and a half before such apprehension; that the theft was accomplished by a breaking and entering into the building housing said furniture store; that the oral admission against interest of appellant placed him at the scene of the entry shortly after the breaking into the building had taken place; and that the size and character of the stolen articles warrants a conclusion that all three suspects had participated in the breaking and entering. All of the evidence was for the consideration of the jury, and it was within their sole province to determine whether they were convinced by the evidence of appellant's guilt of the offense charged beyond a reasonable doubt.

No prejudicial error appearing, the judgment and order denying the motion for a new trial are affirmed.

BADT and PIKE, JJ., concur.