THE STATE OF OHIO, APPELLEE, *v.* PLACE, APPELLANT.

(No. 6804—Decided March 3, 1971.)

*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Melvin L. Resnick* and *Mr. Curtis E. Posner,* for appellee.

*Mr. Dale K. Anderson* and *Mr. Henry B. Herschel,* for appellant.

POTTER, P. J.   The defendant was indicted for first degree murder.  Before a panel composed of three judges, he withdrew his former plea of not guilty, and not guilty by reason of insanity, and entered a plea to homicide generally.  The court, after the introduction of evidence and deliberation to determine the degree of the crime, made the following finding, to wit:

"A majority of the court finds the defendant guilty of murder in the first degree and a majority of the court recommends mercy."

This appeal is from the overruling of defendant's motion for a new trial.

The first four assignments of error relate to the over-ruling of defendant's motion to suppress statements made by the defendant after he was taken into custody. Assignment of error No. 4 pertains to the admission of the State's Exhibits 1 through 19, and 21 through 26, as this evidence is derivative of the incriminating statements.

Defendant's written plea to homicide referred to R. C. 2945.06. To the extent relevant, that statute is as follows:

"If the accused pleads guilty of murder in the first degree, a court composed of three judges shall examine the witnesses, determine the degree of crime, and pronounce sentence accordingly."

R. C. 2945.74 is more applicable to the plea entered (See *Gallagher* v. *Maxwell*, 175 Ohio St. 440), and is, in pertinent part, as follows:

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly."

R. C. 2945.74 and 2945.06 are *in pari materia*. See 27 Ohio Jurisprudence 2d 616, Homicide, Section 72, where it is stated that R. C. 2945.06 repeals or at least modifies R. C. 2945.74 to the extent that where there is a judicial confession or a plea of guilty of murder in the first degree, a trial court consisting of one judge has no jurisdiction to determine the degree of the crime. As to the effect of the plea, see 27 Ohio Jurisprudence 2d 614, Homicide, Section 71. It has been said that a plea of guilty in a prosecution for murder conclusively establishes every essential fact in the case against the defendant except the question as to the degree of the crime. This places the duty on the court to do that which, but for the plea of guilty, the jury would be called upon to do after finding the accused guilty of homicide. A plea of guilty to homicide generally has been held to be synonymous to a plea of guilty of murder. The state is not required to present proof of the corpus delicti. *Rainsberger* v. *State*, 76 Nev. 158, 350 P. 2d 995.

In a criminal case it is generally held that a defend-

ant who withdraws his plea of not guilty and pleads guilty waives any error committed in the impaneling of the jury or in the course of the trial prior to such change of plea. (See 3 Ohio Jurisprudence 2d 627, Appellate Review, Section 676.) The headnote to *Crockett* v. *Haskins,* 12 Ohio Misc. 237, is as follows:

"A defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings." In that case, however, no evidentiary hearing was required.

To the extent that an open-court confession, *i. e.,* a plea to homicide generally, supersedes an in-custody confession, the alleged failure to comply with *Miranda* criteria (as laid down in *Miranda* v. *Arizona,* 396 U. S. 868) is waived and is not prejudicial. As to the validity of the plea when a prior confession is challenged, see *Caldwell* v. *Haskins,* 176 Ohio St. 261. But since the determination of the degree of the crime requires competent, material, and relevant evidence, we must examine the evidence and determine if the defendant's constitutional rights were safeguarded. See, on the subject of the duty of the court to hear evidence when there is a plea to an offense including several degrees, *People* v. *Kerr,* 37 Cal. 2d 11, 229 P. 2d 777; *Rainsberger* v. *State, supra;* 40 American Jurisprudence 2d 727, Homicide, Section 471; 34 A. L. R. 2d 919.

We have, therefore, examined the record pertaining to the suppression of the defendant's in-custody confession. We conclude that although the defendant was an 18 year old youth with a low I. Q., all of the *Miranda* warnings were properly given. The fact that the defendant may not have recognized all of the legal consequences of his act does not invalidate his waiver. As was held in *State* v. *Green,* 51 Haw. 260, 457 P. 2d 505, if all unwise waivers were held void, there never would be an effective waiver. Likewise, the short interval between the initial questioning of defendant and the resumption of the interrogation was not prejudicial. (See *United States* v. *Osterburg* (9 Cir.), 423 Fed. 2d 704.)

We conclude that the first four assignments of error

are not well taken or are not prejudicial. The fifth assignment of error is as follows:

"The trial court erred in entering judgment against the manifest weight of the evidence and contrary to law in that the evidence showed that the defendant was not guilty of the degree of crime for which he was convicted but guilty of a lesser degree."

The record is void of any evidence of deliberation and premeditation except the act of the defendant strangling the child. As abhorrent as this act was, we agree with the holding in *State* v. *Cosby*, 100 Ohio App. 459. Three paragraphs of the syllabus of that case read as follows:

"1. To sustain a conviction of murder in the first degree, proof is necessary showing that there was deliberate and premeditated malice in the mind and heart of the accused at the time of the killing.

"2. A presumption of such malice may not be inferred from evidence of an intentional killing without more.

"3. The deliberation and premeditation necessary to support a conviction of murder in the first degree must be cool and deliberate and not formed upon a sudden impulse, but in the exercise of clear reason."

See, also, the opinion, at page 463, that:

"There must be facts shown from which deliberation and premeditation may be inferred and such inference must be more reasonable than any other. The jury cannot be allowed to guess on this important element." *Cf. State* v. *Esherick*, 19 Ohio App. 2d 40.

The case of *State* v. *Schaffer*, 113 Ohio App. 125, relied on by the state, concerns a much different fact situation. Assignment of error No. 5 is well taken.

Assignment of error No. 6, that only two of the panel of the three judges concurred and that all judges had to concur, is contrary to R. C. 2945.06 and *State* v. *Robbins*, 176 Ohio St. 362, and is not well taken. The assignments of error Nos. 7 and 8 were not briefed or argued and are, therefore, disregarded.

On the evidence, the defendant is found guilty of murder in the second degree. The finding and judgment of the

162

lower court is modified and final judgment is entered finding the defendant guilty of murder in the second degree. The cause is remanded to the lower court for sentencing of defendant accordingly (see R. C. 2945.79 (D) and 2953.-07).

*Judgment modified.*

BROWN and SMITH, JJ., concur.

SMITH, J. (Retired. Assigned to active duty under authority of Section 6 (C), Article IV, Constitution.)