DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Erie County Court of Common Pleas following appellant's guilty plea to a variety of felonies pursuant to a plea bargain. Because we conclude that appellant was adequately represented and the trial court committed no error, we affirm.
In July 1999, appellant, Howard Minniefield, was indicted by the Erie County Grand Jury on twenty felony counts. Appellant pled not guilty and moved to suppress certain evidence. On April 13, 2000, pursuant to a plea agreement, appellant pled guilty to the following twelve counts: Count No. 2 — conspiracy to engage in a pattern of corrupt activity with firearm specification, in violation of R.C. 2923.32(A) and 2923.01(A)(2); Count No. 3 — complicity to trafficking in cocaine with an enhancement of selling within one hundred feet of any juvenile or within the view of any juvenile, in violation of R.C. 2925.03(A) and (C)(4)(b) and 2923.03(A); Count No. 4 — complicity to trafficking in cocaine, in violation of R.C. 2925.03(A) and (C)(4)(a) and 2923.03(A); Count No. 5 — complicity to possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(b) and 2923.03(A); Count No. 6 — possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(d); Count No. 7 — preparation of marijuana for sale, in violation of R.C. 2925.07(A) and (C)(3)(c); Count No. 8 — complicity to possession of marijuana, in violation of R.C. 2925.11(A) and (C)(3)(a) and 2923.03(A); Count No. 9 — complicity to possession of drug paraphernalia, in violation of 2925.14(C)(1) and 2923.03(A); Count No. 10 — possession of criminal tools, in violation of R.C. 2923.24(A); Counts 11 and 12 — money laundering, in violation of R.C. 1315.55(A)(1); and Count 20 — intimidation, in violation of R.C. 2921.03(A). The remaining counts were dismissed.
Appellant was sentenced to a total of seven years incarceration, with judicial release after the first five years, per the plea agreement. Appellant was permitted to delay the start of his incarceration until June 1, 2000. Appellant, however, failed to report on that day and a bench warrant was issued. Ultimately, he turned himself in to be transported.
On July 6 and 13, appellant filed a notice of appeal and an application for delayed appeal, respectively. In addition, appellant moved the trial court to withdraw his guilty pleas. On August 30, we granted appellant's motion for delayed appeal. On September 19, the trial court denied appellant's motion to withdraw his guilty pleas.
Appellant now appeals, setting forth the following three assignments of error:
"Assignment of Error No. 1
 THE TRIAL COURT ERRED BY ACCEPTING A GUILTY PLEA WHEN A MOTION TO SUPPRESS WAS STILL PENDING AND FAILED TO MAKE A DETERMINATION THAT THE WITHDRAWAL OF THE MOTION TO SUPPRESS WAS KNOWINGLY [SIC] INTELLIGENT AND VOLUNTARY.
"Assignment of Error No. 2
 THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL DID NOT PURSUE A MOTION TO SUPPRESS.
"Assignment of Error No. 3
 THE TRIAL COURT ERRED BY NOT GRANTING THE DEFENDANT'S MOTION TO WITHDRAW HIS PLEA."
 I.
Appellant, in his first assignment of error, contends that the trial court erred in failing to rule on appellant's suppression motion before accepting his guilty plea.
A defendant who enters a guilty plea while represented by competent counsel waives any nonjurisdictional defects in earlier stages of the proceedings. State v. Place (1971), 25 Ohio App.2d 158, 160. When a defendant pleads guilty, he waives the right to trial, including any right to contest the admissibility of any evidence offered by the prosecution. McMann v. Richardson (1970), 397 U.S. 759, 766. Consequently, it is not error for a trial court to accept a defendant's guilty plea prior to ruling on a motion to suppress. See State v.Simpson (Oct. 18, 1995), Hamilton App. No. C-940998, unreported; Statev. Letosky (Dec. 8, 1975), Lucas App. No. L-75-144, unreported.
In this case, appellant's plea was voluntarily, intelligently, and knowingly made pursuant to a plea bargain in which the state agreed to dismiss eight of the twenty counts. Therefore, appellant waived any alleged errors in the prior proceedings, including any issues or evidence sought to be suppressed. Thus, the trial court did not err in accepting appellant's guilty plea without first ruling on the motion to suppress.
Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant, in his second assignment of error, argues that he was denied effective assistance of counsel because his attorney failed to object to the trial court's acceptance of appellant's guilty plea before ruling on his motion to suppress.
In order to prove ineffective assistance of counsel, a defendant must show 1) that defense counsel's representation fell below an objective standard of reasonableness and 2) that counsel's deficient representation was prejudicial to defendant's case. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. See, also, Stricklandv. Washington (1984), 466 U.S. 668, 694.
In this case, we determined that the trial court committed no error in accepting appellant's guilty plea prior to ruling on his motion to suppress. As a result, we cannot say that appellant's counsel was deficient for not objecting to the trial court's acceptance of the guilty plea. Therefore, appellant has failed to establish the first prong of theBradley/Strickland test for establishing ineffective assistance of counsel.
Accordingly, appellant's second assignment of error is not well-taken.
 III.
Appellant, in his third assignment of error, claims that trial court erred in denying his motion to withdraw his guilty plea.
In the present case, appellant filed his motion to withdraw on August 18, 2000. On August 30, this court granted appellant's application for a delayed appeal. The trial court denied appellant's motion to withdraw his plea on September 19, 2000. Nothing in the record indicates that appellant requested us to remand this matter to the trial court for the purpose of ruling on this motion. Therefore, after the delayed appeal was granted as to the original conviction, the trial court lost jurisdiction over any matters which would affect our ability to "review, affirm, modify, or reverse" the final judgment on appeal. See In re Kurtzhalz (1943),141 Ohio St. 432. As a result, the trial court's judgment denying appellant's motion to withdraw his plea, entered in September 2000, is a nullity and any issue regarding such judgment is not properly before this court.
Accordingly, appellant's third assignment of error is not well-taken.
The decision of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.