STATE OF HAWAII, Plaintiff-Appellee *v*. MERRILL PAUL GOERS, Defendant-Appellant

NO. 6820

OCTOBER 5, 1979

RICHARDSON, C.J., OGATA AND MENOR, JJ., AND RETIRED JUSTICES MARUMOTO AND KOBAYASHI ASSIGNED BY REASON OF VACANCIES

OPINION OF THE COURT BY RICHARDSON, C.J.

Defendant-appellant Merrill Paul Goers was convicted on three separate counts of burglary in the first degree and one count of attempted burglary. He raises several issues on appeal. The only issues which merit our serious consideration are whether the trial court committed reversible error in (1) failing to determine the voluntariness of a confession before it was admitted into evidence, and (2) concluding at a post-conviction voluntariness hearing that the confession was made voluntarily. We find all other defense contentions to be without merit.

### FACTS

On March 7, 1976, police were summoned to a Kaneohe residence when a silent burglar alarm was triggered. Appellant Goers was apprehended as he was walking down the driveway and was arrested soon after. At the Kaneohe Police Station, Goers met with Detective Richard Kadota, completed and signed HPD Form 81 informing him of his rights, and allegedly confessed to committing the burglary.

On the day of the trial, prior to opening statements and the reception of evidence, defense counsel moved the court to conduct a voluntariness hearing with respect to any confessions given by Goers to the government. Claiming that Goers had been "high" on paint at the time of the alleged confession and that Kadota had induced Goers to confess through threats and promises, defense counsel sought a judicial determination of the voluntariness of the statement before it was admitted into evidence. The motion was denied by the court. The motion was renewed and once more denied before Detective Kadota testified at trial. In denying the motion the court cited Rule 12 (b) (3) of the Hawaii Rules of Penal Procedure, which requires that motions to suppress evidence be raised prior to trial.

Although neither party raised this fact on appeal, a review of the trial court record reveals that a delayed voluntariness hearing was conducted after the conviction, at which time the court found that Goers' statements to Kadota were made voluntarily.

### I.

The first issue before this court is whether the court committed error in failing to determine the voluntariness of the confession before the jury was allowed to consider it. It is well established that a criminal conviction may not be based on an involuntary confession. *Payne v. Arkansas*, 356 U.S. 560 (1958). To safeguard against this, a constitutional rule was established in *Jackson v. Denno*, 378 U.S. 368 (1964), that a

trial judge must make a threshold determination of the voluntariness of a confession before the jury may consider it. *Sims v. Georgia,* 385 U.S. 538 (1967). The *Jackson* court concluded that the jury is not the appropriate body to make a sole reliable determination of voluntariness. They explained that:

> The jury . . . may find it difficult to understand the policy forbidding reliance upon a coerced, but true, confession. . . . That a trustworthy confession must also be voluntary if it is to be used at all, generates natural and potent pressure to find it voluntary. Otherwise the guilty defendant goes free. Objective consideration of the conflicting evidence concerning the circumstances of the confession becomes difficult and the implicit findings [of the jury] become suspect. 378 U.S. at 382.

Furthermore, even if the jury finds the confession involuntary, it may still be influenced by the confession in assessing other evidence to reach its verdict. The rule in *Jackson* protects against this potential infringement of a defendant's constitutional rights. This court has also recognized the need for a reliable judicial determination of voluntariness. Citing *Jackson* and HRS § 621-26,[1] we held in *State v. Green* that "the trial judge has a duty to determine the admissibility of an inculpatory statement out of the presence of the jury and prior to the jury's exposure to such evidence." 51 Haw. 260, 264, 457 P.2d 505, 508 (1971).

In the instant case, Appellant's right to a judicial determination prior to admission of the confession was denied on the authority of Rule 12(b) (3), Hawaii Rules of Penal Procedure, which requires that motions to suppress evidence be raised prior to trial, subject to the proviso in Rule 12(f) which allows the trial court to entertain a tardy motion "for cause shown". Appellant alleges that the trial court inappropriately relied on the "new" Hawaii Rules of Penal Procedure, which became effective on January 1, 1977, after the arraignment but prior

---

[1] HRS § 621-26 provides: "No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made."

to the trial of the instant case.[2] Under the former Hawaii Rules of Criminal Procedure, a motion to suppress evidence could have been brought at any reasonable time.[3] We need not decide which set of rules should have been applied, because even under the Hawaii Rules of Penal Procedure, as we now interpret them, a defendant should not be denied his constitutional and statutory right to a judicial determination of the voluntariness of his confession merely because his motion for a voluntariness hearing was not raised prior to trial.

Accordingly, we hold that, in spite of the general requirement stated in H.R.P.P. Rule 12(b) (3) that motions to suppress be raised prior to trial, a motion for a voluntariness hearing with regard to a confession may be brought at any time prior to the admission of the confession into evidence. Allowing such motions after trial has commenced will not be a great inconvenience or disruption to the trial proceedings. The judge need merely dismiss the jury and conduct a hearing, receiving such testimony as is necessary to rule on the voluntariness of the statement apart from its reliability or truth. The burden of holding such a hearing is outweighed by the risk of admitting an involuntary confession that results in a conviction, a clear violation of the defendant's due process rights.

In the instant case, the trial court erred in denying Appellant's motion for a voluntariness hearing before and during trial, but we find the error to be harmless because a post-trial judicial determination of voluntariness was made. We note that neither party on appeal brought to our attention the fact that a voluntariness hearing was held after the trial. However,

---

[2] According to the order promulgating the "new" rules, they were to "govern . . . so far as just and practicable all proceedings pending" on January 1, 1977, with the exception of certain appellate matters. "Order Promulgating Rules of Penal Procedure", filed October 29, 1976.

[3] Rule 12(b) (2), Hawaii Rules of Criminal Procedure, required only that motions concerning defects in the institution of the prosecution or in the indictment or information be raised prior to trial.

an independent review of the trial court record shows that a hearing to determine voluntariness was held after the conviction and that the confession was found to be voluntary, as indicated by the post-conviction "Order denying defendant's motion to determine voluntariness of confession and to suppress confession" and by the clerk's minutes of the hearing which show that the court found the confession to have been voluntary.

Although it is clear that the judicial determination should have been made prior to jury consideration, the voluntariness issue was ultimately resolved by the court in a procedurally adequate manner. We are satisfied that no unfair consequences arose from the initial error, which was sufficiently remedied by the post-trial voluntariness hearing. *See Swenson v. Stidham*, 409 U.S. 224 (1972). Since the error did not contribute to the conviction or prejudice any substantial rights of the appellant, we find that the error was harmless. *Chapman v. California*, 386 U.S. 18 (1966).

## II.

The remaining issue is whether or not the trial court erred in reaching the factual conclusion that the confession was made voluntarily. We find nothing in the record which would warrant reversal of this conclusion. We note that Appellant has failed to include in the appellate record the transcript of the voluntariness hearing. Rule 75(b), Hawaii Rules of Civil Procedure, which governs records on appeal in criminal proceedings,[4] requires that

> If an appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, or contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.

Appellant has clearly failed to carry his burden of ordering the proper transcripts in the instant case, and the judge's finding

---

[4] Rule 39(b), Hawaii Rules of Penal Procedure, incorporates H.R.C.P. Rule 75 by reference.

of voluntariness is therefore left undisturbed. *Cf. Herron v. Rozelle*, 480 F.2d 282 (10th Cir. 1973); *People v. Slocum*, 52 Cal. App. 3d 867, 125 Cal. Rptr. 442 (1975), *cert. den.* 426 U.S. 924 (1976).

Affirmed.

*Joanne Lanham*, Deputy Public Defender *(Larry C. Y. Lee and Lloyd Van DeCar*, Deputy Public Defenders on the briefs), for Defendant-Appellant.

*Michael Akana*, Deputy Prosecuting Attorney *(Lydia Garcia*, Deputy Prosecuting Attorney, on the brief), for Plaintiff-Appellee.

