STATE OF HAWAII, Plaintiff-Appellee, *v.* WAYDE
KUMULANI WHITE, also known as Dukey White,
Defendant-Appellant, and FLOYD BUNKER,
LAWRENCE NEAL KAHALEHOU PRESLAR,
and SUI TALO, also known as Siupapa Aipenui Talo,
Defendants

NO. 7399

SEPTEMBER 23, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

Appellant White appeals from a conviction for robbery in
the first degree and manslaughter.

The only issue raised on this appeal is whether the trial
court erred in its failure to conduct a hearing outside the
presence of the jury to determine the voluntariness of the
defendant's confession.

On or about October 23, 1978, appellant and a group of
young men apparently got into a fight with a mainland visitor
by the name of Michael Aumiller. The group, which included
Floyd Bunker, Lawrence Preslar, Sui Talo and Ed Perry, had

apparently been drinking throughout the day and were joined by Aumiller. At some point the fight ensued, during which Floyd Bunker got a choke hold on Aumiller, which crushed or damaged his larynx and hyoid bone in the throat, and held it until Aumiller passed out. Aumiller was robbed of his personal belongings, then beaten. His body was recovered from the lagoon at Ala Moana Park the following day.

The appellant was arrested some time later and questioned by Detective Lum of the Honolulu Police Department. While being questioned by Det. Lum, the appellant made certain inculpatory statements relating to his involvement in the death of Aumiller. The statements were stenographically recorded and the appellant then signed the document which was tantamount to a confession of at least some of the charges lodged against him.

Just prior to trial, after the jury had been selected, the appellant allegedly informed his counsel that he had made and signed the statements to Det. Lum under duress. Counsel immediately moved to have the confession and the signed document suppressed on the grounds that they were made under duress. The trial court denied the motion on the basis that the time for pre-trial motions had expired, the trial had already begun and jeopardy had attached. Counsel for the appellant raised his objection again prior to the testimony of Det. Lum and was again overruled. Counsel again objected to the admission of the statement into evidence and again was overruled.

In its landmark decision in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774 (1964), the United States Supreme Court held that the failure to conduct a hearing into the voluntariness of a defendant's confession was a denial of due process in violation of the Fourteenth Amendment of the United States Constitution.

> It is now inescapably clear that the 14th Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive; but also because of the 'strongly felt attitude of our society that important human values are sacrificed where an agency of the gov-

ernment, in the course of securing a conviction, wrings a confession out of an accused against his will.'
*Jackson, supra,* at 385.

The court went on to state:

[I]t is only a reliable determination on the voluntariness issue which satisfies the constitutional [due process] rights of the defendant and which would permit the jury to consider the confession in adjudicating guilt or innocence.

*Jackson, supra,* at 387.

The State of Hawaii has codified the due process requirements of the *Jackson* decision at Hawaii Revised Statutes (HRS) § 621-26 which states:

No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made.

In a recent Hawaii case, our supreme court addressed itself directly to the issue raised by the Appellant White. In *State v. Goers,* 61 Haw. 198, 600 P.2d 1143 (1979), the counsel for the defendant-appellant moved the court to conduct a voluntariness hearing with respect to certain statements made by the defendant-appellant to the agents of the government on the basis that the defendant-appellant had been "high" at the time he made the confession to the authorities. Counsel also had alleged that the confession had been made under duress. The trial court denied the motion, citing Hawaii Rules of Penal Procedure (HRPP) Rule 12(b)(3) which requires that motions to suppress evidence be raised prior to trial.

Our supreme court held:

. . . We hold that, in spite of the general requirement stated in H.R.P.P. Rule 12(b)(3) that motions to suppress be raised prior to trial, a motion for a voluntariness hearing with regard to a confession may be brought at any time prior to the admission of the confession into evidence.

*Goers, supra,* at 201.

With respect to the conduct of the proceedings, the court went on to note:

> Allowing such motions after trial has commenced will not be a great inconvenience or disruption to the trial proceedings. The judge need merely dismiss the jury and conduct a hearing, receiving such testimony as is necessary to rule on the voluntariness of the statement apart from its reliability or truth. The burden of holding such a hearing is outweighed by the risk of admitting an involuntary confession that results in a conviction, a clear violation of the defendant's due process rights.

The law is clear. The trial court erred in its failure to separately, apart from the jury, determine the voluntariness of the confession made to Det. Lum by the Defendant-Appellant White. The record shows that no other testimony was given in corroboration of the defendant-appellant's confession. Thus, defendant's conviction may have been based solely upon an uncorroborated confession whose voluntariness was never determined prior to its submission to the jury.

Appellee concedes the force of law in the *Goers* decision and would urge a remand for a determination of voluntariness. He notes that in *Goers* the trial court conducted a post-trial hearing on the question of voluntariness prior to its appeal. The supreme court found the trial court's resolution of the issue to be procedurally adequate rendering its prior error harmless.

However, we find that a remand for hearing at this point — post-conviction and at the appellate level — would be a strategically absurd ruling that would lead to undesirable results. It is clear that the failure to conduct the voluntariness hearing is error. To remand for a voluntariness hearing would, in effect, be a directive from this court for the trial court to now make its error harmless. Such a result is not the intent of appellate review. The error has been committed and the purpose of appellate review is to correct it.

A defendant should not be denied his constitutional and statutory right to a judicial determination of the voluntariness of his confession merely because his motion for hearing was not raised prior to trial. *State v. Goers, supra.* The trial judge

has a duty to determine the admissibility of an inculpatory statement out of the presence of the jury and prior to the jury's exposure to such evidence. *State v. Green*, 51 Haw. 260, 457 P.2d 505 (1971).

Accordingly, the judgment of the trial court is reversed and the case remanded for a new trial.

*M. James Gillin* for defendant-appellant.

*Arthur E. Ross (Charlotte J. Duarte* on the brief), Deputy Prosecuting Attorneys, for plaintiff-appellee.