891 P.2d 272

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Joshua PUAOI, Defendant–Appellant.**

**No. 17613.**

Supreme Court of Hawai'i.

March 13, 1995.

As Amended March 28, 1995.

Linda C.R. Jameson, Deputy Public Defender, Honolulu, for defendant-appellant.

James R. Garrison and Mark R. Simonds, Deputy Pros. Attys., Wailuku, for plaintiff-appellee.

Before MOON, C.J., KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

MOON, Chief Justice.

Defendant-appellant Joshua Puaoi appeals from his conviction of abuse of a family and household member. On appeal, Puaoi urges reversal of his conviction on the ground that plaintiff-appellee State of Hawai'i (the prosecution) failed to prove venue beyond a reasonable doubt.

Based on our conclusion that it is appropriate for this court to take judicial notice of venue, we hold that venue was proven beyond a reasonable doubt. However, we recognize as plain error the prosecution's failure to present any evidence that Puaoi and the complaining witness were family or household members, a material element of the offense charged. Accordingly, we reverse the district family court's judgment and sentence.

## I. BACKGROUND

On November 9, 1993, following a jury-waived trial in the District Family Court of the Second Circuit, Puaoi was found guilty of abuse of a family and household member, in violation of Hawai'i Revised Statutes (HRS) § 709–906 (Supp.1992),[1] arising out of an in-

---

1. HRS § 709–906 provides in pertinent part:
 It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member....

 For purposes of this section, "family or household member" means spouses or former spouses, parents, children, and persons jointly

cident that occurred on June 4, 1993. After filing a timely notice of appeal, Puaoi requested a transcript of the trial proceedings. However, on February 8, 1994, the official court reporter signed an affidavit stating that no trial transcript could be prepared because the audiotape that had been used to record the trial was blank. Thereafter, both parties entered into a "Stipulation for Dismissal of Appeal and Motion for Order to Remand for New Trial." Because the parties had failed to show either (1) compliance with the requirements of Hawai‘i Rules of Appellate Procedure (HRAP) Rule 10(c) (1984) or (2) any error committed by the trial court, the stipulation was not approved, and the motion was denied by this court.[2] *See State v. Puaoi*, No. 17613 (Order filed April 5, 1994).

HRAP Rule 10(c) sets forth the procedure to be followed in situations where a trial transcript cannot be submitted as part of the record on appeal:

**Statement of the Evidence or Proceedings When No Report Made or When Transcript Unavailable.** This rule only applies where there is no report of the evidence or proceedings at a hearing or trial due to no fault of appellant. This rule encompasses situations such as where the reporter refuses, becomes unable, or fails to transcribe all or any portion of the evidence or oral proceedings. In such situations the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the court or agency appealed from for settlement and approval and as settled and approved shall be included by the clerk of the court or agency appealed from in the record on appeal.

(Bold emphasis in original.) In compliance with Rule 10(c), Puaoi submitted the following statement of the evidence:

Pursuant to Rule 10(c) of the Hawaii Rules of Appellate Procedure, Mark Graven, Counsel for the Defendant[,] has prepared the following reconstruction of the trial on the above captioned matter utilizing memory and notes.

A trial was held on the above-captioned matter, before the Honorable Rosalyn Loomis, at the Molokai Courthouse on November 4, 1993.

The [prosecution] called, as its first witness, Darling Phillips who testified as follows:

An incident occurred between her and Joshua Puaoi in front of the old folks home on Kam Five Highway. She was at that location when Joshua Puaoi pulled up in a car, jumped out and walked toward her. She tried to walk away, and then Joshua Puaoi grabbed her by the wrists and was holding her up against a tree. The police arrived and placed Joshua Puaoi under arrest. She suffered no injuries as a result of the incident.

The [prosecution] called as its second and final witness, Officer Henry Schnitzer of the Maui County Police. Officer Schnitzer testified as follows:

On June 4, 1993, he and another police officer arrived at the scene and that he saw Joshua Puaoi slap Darling Phillips twice on the left side of the face.

The Defense called no witnesses.

The Honorable Rosalyn Loomis found the Defendant, Joshua Puaoi, guilty of Abuse of a Family and Household Member. She found that the evidence showed that the Defendant slapped Darling Phillips. Judge Loomis further found that the evidence presented supported a finding of abuse. Judge Loomis sentenced the Defendant to 48 hours of incarceration and

residing or formerly residing in the same dwelling unit.

2. This court's order denying the parties' motion to remand for new trial is consistent with the rule followed in other courts proceeding under Federal Rules of Appellate Procedure (FRAP) Rule 10(c), that is, "a party is not entitled to a new trial, because of the absence of ... the record, without first having attempted to supplement the record by proceeding under Rule 10(c)." Wright, Miller, Cooper & Gressman, *Federal Practice and Procedure: Jurisdiction* § 3956 at 387 n. 3 (1977).

placed the Defendant on one year Family Court probation. In addition to the normal terms of probation, Judge Loomis ordered the Defendant to report for an intake interview with Alternatives to Violence and complete 24 classes if found appropriate for the program, and that the Defendant not violate any term or condition of any Temporary Restraining Order or Order for Protection that might be placed upon him. Judge Loomis stayed mittimus 30 days pending filing of a notice of appeal.

The statement of the evidence was "approved as to form" by the prosecution and "approved and adopted" by the trial court on June 21, 1994.

## II. DISCUSSION

### A. Venue

Puaoi seeks reversal of his conviction on the ground that the statement of the evidence fails to indicate that the prosecution proved venue beyond a reasonable doubt as required by HRS § 701–114(1)(d) (1985).[3] The requirement of proper venue for criminal cases held in the district family courts is set forth in Rule 18 of the Hawai'i Rules of Penal Procedure (HRPP)[4], which provides in pertinent part:

> If the trial is to be had in the district court, it shall be had in the district, as defined in [HRS §] 4–1 . . . in which the

offense or any part of it was committed, or if no court is in operation in said district, in the district court designated to serve that district within the same circuit.

HRPP Rule 18 (1980).[5]

Puaoi's specific contention is that the prosecution did not prove venue by establishing that the crime took place in the district of Moloka'i, the same district in which the trial was held, as required by HRPP Rule 18, and in the second judicial circuit, as required by article I, section 14 of the Hawai'i Constitution, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy public trial by an impartial jury of the district[6] wherein the crime shall have been committed, which district shall have been previously ascertained by law[.]"

The prosecution, on the other hand, contends that: (1) "[t]he fact that [Puaoi] was convicted would show venue was established at trial as this is an element to be proved before conviction"; (2) in preparing the statement of the evidence, Puaoi did not include any mention of the issue of venue, and therefore, "it hardly seems equitable for [Puaoi] to leave out the venue issue and then appeal the case on that very omission. If such omission were error in any way, it was invited error by [Puaoi]"; and (3) this court should take judicial notice of venue. The prosecution's contentions referred to in num-

---

3. HRS § 701–114(1) provides in pertinent part: no person may be convicted of an offense unless the following are proved beyond a reasonable doubt:
 (a) Each element of the offense;
 (b) The state of mind required to establish each element of the offense;
 (c) Facts establishing jurisdiction;
 (d) *Facts establishing venue;* and
 (e) Facts establishing that the offense was committed within the time period specified in section 701–108.
 (2) In the absence of the proof required by subsection (1), the innocence of the defendant is presumed.
 (Emphasis added.)

4. The HRPP is applicable to criminal cases in the district family court pursuant to Rule 38(a) of the Hawai'i Family Court Rules, which provides: "Criminal cases shall be tried by the court or by jury in accordance with the Hawaii Rules of Penal Procedure."

5. Effective July 1, 1993, HRPP Rule 18 was amended to reflect district court divisions as set forth in Schedule A, appended to the HRPP. Order No. 197, filed June 1, 1993; *see also* Order No. 226, filed June 23, 1994, amending schedule A. These amendments, however, have no bearing on the instant case.

6. HRS § 806–17 (1985) defines "district" as any one of the four judicial "circuits" as provided in HRS § 603–1 (1985), which include: (1) the first judicial circuit, consisting of the island of O'ahu, all other islands not hereinafter mentioned, and the Kalawao district on the island of Moloka'i; (2) the second judicial circuit, consisting of the islands of Maui, Moloka'i (except the Kalawao district), Lana'i, Kaho'olawe, and Molokini; (3) the third judicial circuit on the island of Hawai'i; and (4) the fifth judicial circuit, consisting of the islands of Kaua'i and Ni'ihau. We note that Act 103 moved the Kalawao district to the second judicial circuit.

bers (1) and (2) above are wholly without merit.

■ With regard to the first contention, there is no authority for the proposition that venue may be presumed merely because there was a conviction. The plain language of HRS § 701–114[7] sets forth all of the elements, including venue, that must be proven, beyond a reasonable doubt, in order for a person to be convicted of an offense. In the absence of proof of venue, "the innocence of the defendant is presumed." HRS § 701–114(2); *see also State v. Black,* 66 Haw. 530, 668 P.2d 32 (1983) (prosecution's failure to prove venue resulted in defendant's acquittal).

■ The prosecution's second contention pertaining to invited error implies that there was a determination with respect to the issue of venue at trial but that Puaoi failed to include such reference in the approved statement of the evidence. We acknowledge that invited errors are not reversible errors. *See State v. Smith,* 68 Haw. 304, 313, 712 P.2d 496, 505 (1986). However, even if we were to assume that Puaoi had neglected to note the trial court's determination of venue in his statement of the evidence, we disagree that such omission could be deemed invited error. The prosecution, the court, and the defendant have an obligation and duty under HRAP Rule 10(c) to ensure that the record of the evidence and proceedings at trial is complete and accurate.

HRAP Rule 10(c) was adopted and promulgated by this court in 1984 and is functionally equivalent to FRAP Rule 10(c), governing the supplementation of the record on appeal. "In both criminal and civil appeals, the appellant bears the burden of presenting [the appellate] court with a record sufficient to show that error occurred at trial." *Cole v. United States,* 478 A.2d 277, 283 (D.C.App. 1984) (citations omitted); *see also State v. Goers,* 61 Haw. 198, 600 P.2d 1142 (1979) (where appellant fails to carry the burden of producing the proper transcripts to challenge a finding or conclusion that he or she claims is unsupported by evidence, the finding or conclusion will normally remain undisturbed by the appellate court).

■ Before signing and approving the statement of the evidence, "an appellee has a duty to ensure an adequate record ... and may not abdicate this responsibility." *Cole,* 478 A.2d at 284 (citation omitted). HRAP Rule 10(c) clearly and specifically provides for the appellee to serve objections or propose amendments to the statement of the evidence within ten days after service. In this case, no objections or amendments were made to the statement of the evidence, and the prosecution approved it as to form. Therefore, the prosecution's failure to object to or amend the proposed statement of the evidence is deemed to signal its approval of the contents and accuracy of the statement. *Id.* (when an appellee fails to object or add to the appellant's proposed statement, he or she will be deemed to have approved the statement as an accurate reconstruction of the relevant portions of the trial, drawn from best available sources).

■ Moreover, because the trial court also approved and accepted the statement of the evidence, we deem such acceptance as the court's determination that the statement was prepared by the best available means and was as complete and accurate a record of the proceedings as possible. Therefore, we conclude that the prosecution's argument of invited error is meritless. If the trial court determined that venue was proved by the evidence and that the statement of the evidence inadvertently omitted this fact, then it was incumbent upon the prosecution to include the court's conclusion in the statement. The prosecution's failure to perform its duty can hardly be called "invited error."

The prosecution's third contention is that this court may take judicial notice of venue pursuant to the Hawai'i Rules of Evidence (HRE) Rule 201 (1985), which provides in pertinent part:

(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the

7. *See supra* note 3.

territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

. . . .

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

. . . .

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding. . . .

■ As indicated above, HRE Rule 201 governs "adjudicative" facts, which are the kind of facts that are ordinarily decided by the trier of fact; for example, who did what to whom, when, where, how, and why. *See* A. Bowman, *Hawai'i Rules of Evidence Manual* at 26 (1990). In *State v. Lum,* 8 Haw.App. 406, 807 P.2d 40, *reconsideration denied,* 8 Haw.App. 661, 868 P.2d 466, *cert. denied,* 72 Haw. 619, 841 P.2d 1075 (1991), judicial notice of venue was taken by the Ko'olaupoko District Court of the First Circuit. In that case, the Intermediate Court of Appeals rejected Lum's argument that the prosecution had failed to prove venue beyond a reasonable doubt and held that the district court had properly taken judicial notice of venue by noting that Kahalu'u, where the alleged violation of a zoning ordinance had occurred, is located in the Ko'olaupoko District on the island of O'ahu. *Lum,* 8 Haw. App. at 409 n. 5, 807 P.2d at 42 n. 5.

In this case, the prosecution has requested that we take judicial notice of the adjudicative fact that the offense occurred in the Moloka'i district of the second judicial circuit, based on facts contained in the statement of the evidence and from easily verifiable information contained in the *Atlas of Hawai'i,* University of Hawai'i Department of Geography (2d ed. 1983).

Although Hawai'i's appellate courts have yet to address whether judicial notice of venue may be taken at the appellate level, this court has held that an appellate court may take judicial notice of facts despite the failure of the trial court to do so, provided that the

facts are "capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy." *In re Application of Pioneer Mill Co.,* 53 Haw. 496, 497 n. 1, 497 P.2d 549, 551 n. 1, *reh'g denied,* 53 Haw. 573, 497 P.2d 549 (1972) (citation omitted).

Courts in other jurisdictions have held that appellate courts may take judicial notice of venue. For example, in *State v. Cervantes,* 319 Or. 121, 873 P.2d 316, *on remand,* 130 Or.App. 147, 881 P.2d 151 (1994), the Oregon Supreme Court held that venue need not be proven by direct evidence, but may be established by circumstantial evidence. The court noted that "venue is an adjudicative fact appropriate for the type of substitutionary judicial notice envisioned by OEC 201.[8] Therefore, geographical facts, such as whether a particular address is within a certain city and county of the state, is a proper matter subject to judicial notice under OEC 201." *Id.* 319 Or. at 124 n. 3, 873 P.2d at 318 n. 3 (citation omitted); *see also State v. Stiles,* 706 S.W.2d 944 (Mo.App.1986) (appellate court took judicial notice of venue by referring to an official highway map); *Porter v. State,* 520 So.2d 235, 236 (Ala.Cr.App.1987) (appellate court took judicial notice of fact that Mobile County is located in the State of Alabama, a fact known to the general public).

■ Based on the foregoing, we hold that appellate courts may take judicial notice of venue, provided that the requirements of HRE 201(b) are met. Our holding is consistent with HRS § 701–114(1)(d), which requires only that *facts establishing venue* must be proven beyond a reasonable doubt. In other words, we agree with the jurisdictions which hold that venue may be proved by such circumstantial evidence as is present in this case.

■ The statement of the evidence in this case indicates that the incident in question occurred "in front of the old folks home on *Kam Five Highway.*" (Emphasis added.) We take judicial notice of the fact that "Kam" is sometimes used as a shortened form of "Kamehameha," and thus, "Kam Five Highway" is "Kamehameha Five Highway."

---

**8.** OEC 201 is Oregon's evidentiary rule regarding judicial notice and is identical to HRE 201.

The index to the *Atlas of Hawai'i* indicates that the only highway in Hawai'i bearing that name is Kamehameha "V" [9] Highway and is located on the island of Moloka'i. *Id.* at 233. Further, at the time the offense was committed, the island of Moloka'i was divided into two districts: (1) the Kalawao district, consisting of Kalaupapa, Kalawao, and Waikolu, which was commonly known or designated as the Settlement for Hansen's disease sufferers; and (2) the Moloka'i district, consisting of the entire island of Moloka'i, except for the Kalawao district. *See* HRS §§ 4–1(2)(E)–(F). The Kamehameha V Highway is located entirely in the Moloka'i district and does not run through the Kalawao district. *See Atlas of Hawai'i* at 19. The Moloka'i district is included in the second judicial circuit. *See supra* note 5.

Based on the foregoing, we take judicial notice of the fact that Kamehameha V Highway is located in the Moloka'i district. Additionally, we take judicial notice of the fact that the Moloka'i district is included in the second judicial circuit of the State of Hawai'i, where the trial in this case was held. Thus, the requirements of HRPP Rule 18 and article I, section 14 of the Hawai'i Constitution having been satisfied, we hold that venue was proven beyond a reasonable doubt.

### B. *Plain Error*

As previously noted, "family or household member" is defined as "spouses or former spouses, parents, children, and persons jointly residing or formerly residing in the same dwelling unit." HRS § 709–906(1). We note, however, that the statement of the evidence fails to explain the relationship between Puaoi and Darling Phillips, the complaining witness, that is, whether Puaoi and Phillips were family or household members—a material element of the offense of abuse of a family and household member.

 "It is well established, as a precept of constitutional as well as statutory law, that an accused in a criminal case can only be convicted upon proof by the prosecution of every element of the crime charged beyond a reasonable doubt." *State v. Lima,* 64 Haw.

470, 474, 643 P.2d 536, 539 (1982) (citations omitted); HRS § 701–114(1)(a); *see also State v. Kupau,* 76 Hawai'i 387, 390, 879 P.2d 492, 495 (1994) (HRS § 701–114(1)(a) requires proof beyond a reasonable doubt of each element of the offense). Although the absence of a material element of the offense charged was not raised by Puaoi on appeal, we note that "where plain error has been committed and substantial rights have been affected thereby, the error may be noticed even though it was not brought to the attention of the trial court." *State v. Schroeder,* 76 Hawai'i 517, 532, 880 P.2d 192, 207 (1994) (quoting *State v. Kelekolio,* 74 Haw. 479, 515, 849 P.2d 58, 75 (1993)) (citations omitted); HRPP Rule 52(b) (1994); HRAP Rule 28(b)(4)(D) (1994) (appellate courts may notice plain error even if not presented as a point of error on appeal). Therefore, "[t]hough mindful that this power to deal with error is one to be exercised sparingly and with caution because the rule represents a departure from a presupposition of the adversary system," *State v. Fox,* 70 Haw. 46, 57, 760 P.2d 670, 675 (1988), Puaoi's conviction cannot be supported where there is no evidence to establish a material element of the offense charged beyond a reasonable doubt. A conviction based on insufficient evidence of any element of the offense charged is a violation of due process and thus constitutes plain error. *Jackson v. Virginia,* 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979). Accordingly, we recognize the absence of any evidence in the record that Puaoi and Phillips were "family or household members" as plain error necessitating reversal of Puaoi's conviction.

### III. *CONCLUSION*

Based on the foregoing, the judgment and sentence of the District Family Court of the Second Circuit are reversed.

9. We also take judicial notice of the fact that numbers are sometimes reflected as Roman numerals and, in this case, "five" is the same as "V," the Roman numeral for five.