**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000255
05-JUN-2025
07:48 AM
Dkt. 85 SO**

NO. CAAP-22-0000255

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
HENRY K. TOLENTINO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0001524)

### SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Henry K. Tolentino (**Tolentino**)

appeals from the "Judgment of Conviction and Sentence"

(**Judgment**), filed on March 9, 2022 in the Circuit Court of the

First Circuit (**circuit court**).[1]

---

[1] The Honorable Rowena A. Somerville presided.

On October 17, 2019, the State of Hawai'i (**State**) charged Tolentino, via grand-jury indictment, with assault against a law enforcement officer in the first degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-712.5(1)(a) (2014).[2]  On December 10, 2021, a jury found Tolentino "[g]uilty of the included offense of Assault Against a Law Enforcement Officer in the Second Degree."  The sentencing hearing took place in March 2022, and the circuit court entered the Judgment.  This appeal followed.

Tolentino raises five points of error on appeal: (1) the circuit court erred when it allowed the State to use Tolentino's out-of-court statement at trial; (2) "[t]he [circuit c]ourt erred where it denied [Tolentino's] motion in limine" which sought to exclude evidence "that [Tolentino] consumed alcohol just prior to the incident" and when it allowed the State to "make the legal conclusion" during closing arguments that Tolentino was drunk despite insufficient evidence; (3) "[t]he [circuit c]ourt erred where it denied [Tolentino's]

---

[2]     The Indictment states, in relevant part:

> On or about September 21, 2019, in the City and County of Honolulu, State of Hawai'i, HENRY K. TOLENTINO did intentionally or knowingly cause bodily injury to [Officer] Kenneth Fontes Jr. [(**Officer Fontes**)], a law enforcement officer who was engaged in the performance of duty, thereby committing the offense of Assault Against a Law Enforcement Officer in the First Degree, in violation of Section 707-712.5(1)(a) of the Hawai'i Revised Statutes.

request for an extra peremptory [challenge]" after the circuit court denied Tolentino's challenge of a juror for cause; (4) "[t]he [circuit c]ourt erred by sustaining [Tolentino's] 'reckless' conviction despite insufficient evidence supporting 'reckless' conduct"; and (5) "[Tolentino's] lower court counsel [(**defense counsel**)] was ineffective for failing to move for a judgment [of acquittal] where there was insufficient evidence to sustain a conviction for 'reckless' assault on a police officer."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tolentino's points of error as follows:

(1) Tolentino first contends that the circuit court committed a "[f]ailure of [p]rocess" when it ruled that the State could present evidence of Tolentino's out-of-court statement,[3] which could be construed as a confession or an inculpatory statement, without first conducting a voluntariness hearing.

"It is well established that a criminal conviction may not be based on an involuntary confession." State v. Goers, 61 Haw. 198, 199, 600 P.2d 1142, 1143 (1979) (citation omitted).

---

[3]    The out-of-court statement is "I'm sorry, I was trying to get a Zip Pac."

HRS § 621-26 (2016) provides that "[n]o confession[4] shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made." HRS § 621-26 does not expressly require the trial judge to hold a voluntariness hearing, but the trial judge must make a voluntariness determination before the statement is admitted and without the jury present. See State v. Hopkins, No. CAAP-19-0000408, 2021 WL 4167382, at *3 (Haw. App. Sept. 14, 2021) (SDO); State v. Green, 51 Haw. 260, 264, 457 P.2d 505, 508 (1969).

Here, the circuit court made a voluntariness determination at trial before evidence of the out-of-court statement was admitted and outside the presence of the jury.[5] Therefore, the circuit court did not err by not conducting a separate voluntariness hearing.[6]

---

4    This court has held that HRS § 621-26 also applies to inculpatory statements. State v. Hewitt, 149 Hawaiʻi 71, 76, 481 P.3d 713, 718 (App. 2021).

5    Specifically, the circuit court determined, on the evidence before it, that "there was no coercion, and there was no question asked by Officer Fontes when [Tolentino] made the unsolicited excited utterance." The circuit court made a similar determination when it heard the parties' motions in limine.

6    Tolentino also asserts that the circuit court erred in allowing the out-of-court statement because the State had requested to exclude the use of Tolentino's out-of-court statements in its motion in limine. We note that the State requested to "[e]xclude and preclude from use at trial any out-of-court statements made by [Tolentino] **which may be elicited by the defense** and which are inadmissible under the 'admission by party opponent' exception to the hearsay rule." (Emphasis added.) It did not move to exclude statements that *it* would introduce at trial. Thus, this argument lacks merit.

(2) Tolentino next contends that the circuit court erred in partially denying his motion in limine when it allowed the State to present evidence that Tolentino consumed alcohol prior to his encounter with Officer Fontes.  We review the circuit court's ruling on a motion in limine for abuse of discretion.  State v. Kealoha, 95 Hawaiʻi 365, 379, 22 P.3d 1012, 1026 (App. 2000).  "An abuse of discretion occurs when the court clearly exceeds the bounds of reason or disregards rules or principles of law to the substantial detriment of a party litigant."  State v. Cordeiro, 99 Hawaiʻi 390, 404, 56 P.3d 692, 706 (2002) (cleaned up).

Hawaii Rules of Evidence (**HRE**) Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  The rule, however, allows such evidence when it "is probative of another fact that is of consequence to the determination of the action, such as proof of motive."  HRE Rule 404(b).

Here, it appears that testimonial evidence that Tolentino consumed alcohol was not introduced to prove Tolentino's character, but rather to support the State's theory that Tolentino assaulted Officer Fontes in his attempt to evade arrest because he did not want to be caught drinking and

driving.  Therefore, the circuit court did not abuse its discretion in denying Tolentino's motion on this basis.

Tolentino further contends that such evidence should not have been admitted, under HRE Rule 403, because "its probative value [was] outweighed by the prejudicial effect of the evidence."  We review the circuit court's "balancing of the probative value of prior bad act evidence against the prejudicial effect of such evidence under HRE Rule 403" under the abuse of discretion standard.  State v. Feliciano, 149 Hawai‘i 365, 372, 489 P.3d 1277, 1284 (2021) (citations omitted).  When weighing the probative value of the evidence against its prejudicial effect, the circuit court considers the following factors:

> (1) the strength of the evidence as to the commission of the other crime[;] (2) the similarities between the crimes[;] (3) the interval of time that has elapsed between the crimes[;] (4) the need for the evidence[;] (5) the efficacy of alternative proof[;] and (6) the degree to which the evidence probably will rouse the jury to overmastering hostility.[7]

Id. at 376-77, 489 P.3d at 1288-89 (cleaned up).

Here, it appears the circuit court found a sufficient need to admit evidence that Tolentino consumed alcohol when it stated that such evidence would go to Tolentino's "state of mind

---

[7]    These factors are meant only to provide guidance, and the court's overall evaluation must be "whether the probative value of the evidence of prior acts is substantially outweighed by its potential for unfair prejudice."  Feliciano, 149 Hawai‘i at 377, 489 P.3d at 1289 (citation omitted).  "Each factor must therefore be considered in light of the purpose for which the evidence was offered[.]"  Id. (citation omitted).

and his motive for trying to get away [from the police] at all costs."  Considering the difficulty of establishing a defendant's state of mind by direct evidence, the circuit court here did not err in finding that the probative value of evidence that Tolentino consumed alcohol substantially outweighed any unfair prejudice.  See State v. Eastman, 81 Hawai'i 131, 141, 913 P.2d 57, 67 (1996).

Tolentino also contends that the circuit court erred in allowing the State to "make the legal conclusion" during closing arguments that Tolentino was "drunk" despite insufficient evidence.  We first note that the circuit court did not rule that the State could "make the legal conclusion" that Tolentino was drunk.  The circuit court ruled that the State could argue during its closing argument that Tolentino was drunk "[a]s long as the facts support[ed] it."[8]  We review the circuit court's ruling for abuse of discretion.  See State v. Nofoa, 135 Hawai'i 220, 227-28, 349 P.3d 327, 334-35 (2015).

Closing arguments are not evidence, nor an opportunity for counsel to introduce new evidence.  State v. McGhee, 140 Hawai'i 113, 119, 398 P.3d 702, 708 (2017).  Prosecutors, however, are given "wide latitude" during closing arguments "to

---

[8]     We further note that the State's witnesses did not state during their testimonies that Tolentino was "drunk" or "legally intoxicated."  They testified about Tolentino's appearance and behavior, and that Tolentino smelled of "consumed alcohol."

draw reasonable inferences from the evidence." Id. (citations omitted). Therefore, the circuit court did not err in ruling that the State could argue during its closing argument that Tolentino was drunk so long as the facts supported that inference.[9]

(3) Tolentino appears to contend that the circuit court erred in denying Tolentino's challenge of Juror Number 32 for cause. "We review the [circuit] court's decision to pass a juror for cause under the abuse of discretion standard." State v. Richie, 88 Hawai'i 19, 35, 960 P.2d 1227, 1243 (1998) (citation omitted).

"[W]hen a juror is challenged on grounds that [they have] formed an opinion and cannot be impartial, the test is whether the nature and strength of the opinion are such as in law necessarily raise the presumption of partiality." State v. Iuli, 101 Hawai'i 196, 204, 65 P.3d 143, 151 (2003) (cleaned up). However, "a person with preconceived notions about a case [may still] serve as a juror if [they] can lay aside [their]

---

[9] Moreover, there was sufficient evidence supporting the State's "reasonable inference" that Tolentino was drunk. The State presented testimonial evidence that Tolentino (1) had "red, watery, glassy, and bloodshot" eyes, (2) smelled of consumed alcohol, and (3) "stumbled" and moved in a non-linear manner during the incident. See State v. McQueen, No. CAAP-20-0000496, 2022 WL 4483362, at *7-8 (Haw. App. Sept. 27, 2022) (mem. op.) (holding that, in closing argument, "characterizing [the defendant] as 'a drunk' and 'that drunk person' was a reasonable inference within the wide latitude afforded to prosecutors" where evidence was adduced of the defendant stumbling, mumbling, slurring, and smelling of alcohol).

impression or opinion and render a verdict based on the evidence presented in court." Id. (cleaned up).

Here, Tolentino challenged Juror Number 32 for cause after Juror Number 32 disclosed that he had a friend who was a law enforcement officer, and because, as Tolentino asserts, Juror Number 32 did not give an unequivocal answer as to whether he could be fair and impartial. The circuit court denied Tolentino's challenge because when it asked Juror Number 32 whether "[a]nything about [his] relationship with [his] friend who's a police officer would affect [his] ability to be fair and impartial," Juror Number 32 answered "No." Although the court is "not bound by a prospective juror's statement that [they] will be fair and impartial," none of Juror Number 32's responses or comments raised the presumption of partiality.[10] See State v. Carroll, 146 Hawai‘i 138, 151-52, 456 P.3d 502, 515-16 (2020) (citation omitted) (holding that the juror's responses raised the presumption of partiality where the juror expressed that she could not presume the defendant's innocence). Therefore, the circuit court did not abuse its discretion in denying Tolentino's challenge of Juror Number 32 for cause.

---

[10] Moreover, none of Juror Number 32's responses and comments could be construed as Juror Number 32 having serious doubts about his ability to be fair and impartial, and thus, Juror Number 32 did not have to "assure the [circuit] court that he would base his decision solely upon the evidence," as Tolentino suggests. See Iuli, 101 Hawai‘i at 205, 65 P.3d at 152 (citations omitted).

Tolentino also contends that the circuit court erred in denying Tolentino's request for an additional peremptory challenge after he was forced to use his last one on Juror Number 32. We review the circuit court's decision to deny Tolentino's request for an additional peremptory challenge for abuse of discretion. See State v. Allen, No. 30332, 2013 WL 5926964, at *9 (Haw. App. Oct. 31, 2013) (mem. op.).

Although "the denial or impairment of [a defendant's] right [to exercise a peremptory challenge] is reversible error not requiring a showing of prejudice," the court must first determine whether a juror, on whom the defendant was forced to use a peremptory challenge, "was improperly passed for cause." State v. Kauhi, 86 Hawai'i 195, 198, 948 P.2d 1036, 1039 (1997) (cleaned up). Because we concluded supra that Juror Number 32 was not improperly passed for cause, the circuit court, accordingly, did not err in denying Tolentino's request for an additional peremptory challenge.

(4) Tolentino next contends that the circuit court erred in sustaining his conviction despite insufficient evidence of reckless conduct. We review the sufficiency of the evidence using the following standard:

> **[E]vidence adduced in the trial court must be considered in the strongest light for the prosecution** when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. **The test on appeal is not whether guilt is established beyond a reasonable doubt, but**

> whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010) (emphasis added) (citation omitted). "Substantial evidence as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

HRS § 702-206(3)(a) (2014) states that "[a] person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that [his] conduct is of the specified nature." "[I]t is not necessary for the prosecution to introduce direct evidence of a defendant's state of mind in order to prove that the defendant acted intentionally, knowingly[,] or recklessly." Eastman, 81 Hawai'i at 140-41, 913 P.2d at 66-67 (citation omitted). "[P]roof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." Id. at 141, 913 P.2d at 67 (citation omitted).

Here, Corporal Dannan Smith, one of the responding officers, testified to "see[ing] [Tolentino] swing at Officer Fontes with a closed fist," which he perceived as "a deliberate swing." Officer Fontes also testified that, as he was trying to detain Tolentino, Tolentino kicked, pushed, and punched him.

Construing the evidence in the strongest light for the prosecution, there is substantial evidence for a jury to conclude that Tolentino "consciously disregarded a substantial and unjustifiable risk" that his actions would result in bodily injury to Officer Fontes.  See id. (holding that slapping someone on the side of the head involves a substantial and unjustifiable risk).  We therefore conclude that there was substantial evidence to support the jury's verdict.

(5) Tolentino contends that defense counsel was ineffective for failing to move for a judgment of acquittal after the jury was discharged.  To establish a claim of ineffective assistance of counsel, the defendant must show: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. DeLeon, 131 Hawaiʻi 463, 478-79, 319 P.3d 382, 397-98 (2014) (citation omitted).

In light of our ruling in section (4) supra, we conclude that defense counsel's decision not to move for judgment of acquittal after the jury was discharged "did not rise to an error that resulted in either the withdrawal or substantial impairment of a potentially meritorious defense."

See <u>State v. Brantley</u>, 84 Hawaiʻi 112, 122, 929 P.2d 1362, 1372 (App. 1996).

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, June 5, 2025.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge