STATE OF HAWAII *v.* WILLIAM LEO GREEN, JR.

No. 4782.

JULY 15, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND
CIRCUIT JUDGE FUKUSHIMA ASSIGNED
BY REASON OF VACANCY.

OPINION OF THE COURT BY LEVINSON, J.

The defendant-appellant was convicted of extortion in the first degree after a jury trial. During the evening on the day of his arrest, he was taken into an office, containing a telephone, where he was informed of his constitutional rights and was thereafter asked questions. The detective who interrogated the defendant testified that a prepared form describing those rights was read to the de-

fendant and its contents explained to him in simple words, and that the form was shown to the defendant and read and signed by him.[1] In response to questions, the defendant made an inculpatory statement which was later testified to by the interrogating detective at the trial.

The trial judge held a hearing outside the presence of the jury on the admissibility of the testimony of the detective relating the substance of the statement made by the defendant. The defendant, who had finished high school and had had some college experience, testified that his rights were "explained generally" and that such explanation was characterized by the interrogating detective as being "routine." He admitted an ability to read "quite well" but testified that he had been rushed into reading and signing the form. Although he was evasive in response to questions as to what constitutional rights he purportedly was aware of at the time he signed the form, he did admit that he knew the negative indicator following the question "Do you want an attorney now?" was on the paper when he signed it. He also admitted that he an-

---

[1] The form entitled "WARNING PERSONS BEING INTERROGATED OF THEIR CONSTITUTIONAL RIGHTS", read in pertinent part as follows:

[F]irst I want to inform you of certain rights you have under the Constitution.

Before I ask you any questions, you must understand your rights.
You have a right to remain silent.
You don't have to say anything to me or answer any of my questions.
Anything you say may be used against you at your trial.
You have a right to counsel of your choice or to talk to anyone else you may want to.
You also have a right to have an attorney present while I talk to you.
If you cannot afford an attorney, the court will appoint one for you.
Do you want an attorney now? Yes____ No (marked)

If you decide to answer my questions without a lawyer being present, you still have the right to stop answering at any time.
Do you understand what I have told you? Yes (marked) No____
Would you like to tell me what happened? Yes (marked) No____
Signed: William L. Green, Jr.

The form was signed by both the defendant and the interrogating officer as a witness.

swered "yes" to the question on the form inquiring whether he understood what the detective had told him of his constitutional rights. The defendant also testified, however, that prior to and during the interrogation he repeatedly requested the use of a telephone but that the requests were denied each time. He was allegedly told by the detective that only after the interrogation would he be permitted to use the telephone. The defendant testified that each time he made a request to use the telephone, his intention was to call his family so that counsel could be retained for him. This alleged continuing intent was apparently undisclosed because there was no evidence presented to show that the defendant ever informed any police officer of the purpose he had in mind when he made these alleged requests.

With respect to the use of a telephone, the detective testified that he told the defendant at the time of the constitutional warnings that he could use the telephone in the interrogation office to call an attorney or anyone else, but that the defendant never chose to do so. He further testified that the defendant had responded that he did not wish to consult with an attorney at that time but would retain an attorney after he was released.

In allowing the detective's testimony concerning the substance of the inculpatory statement, the trial judge found that the defendant knowingly and intelligently waived his constitutional right to have a lawyer present at the interview. He found that the "right is not to use the telephone. The right is to have a lawyer present at the time he's being interrogated. And this is the right which he knowingly and intelligently waived." The defendant objected to the detective's testimony on the ground that the alleged requests to use the telephone were the equivalent to an assertion of his right to counsel.

The defendant now asks this court to overturn the trial

judge's finding of waiver and to hold that the alleged rejected requests to use the telephone be construed to be equivalent to the nullification of the admittedly signed waiver and an assertion of the right to counsel. The rationale behind this argument is that the right to counsel is meaningless unless it encompasses the right to use the telephone to contact an attorney. The defendant concludes, therefore, that the interrogation and the admissibility of any evidence adduced therefrom was constitutionally impermissible under *Miranda* v. *Arizona,* 384 U.S. 436 (1966) because he was denied his right to the presence of counsel prior to and during the interrogation.

We affirm the conviction.

The now-famous case of *Miranda* v. *Arizona,* 384 U.S. 436 (1966) requires certain procedural safeguards to be employed in the absence of any other fully effective means to inform an accused of his constitutional right to silence and to assure a continuous opportunity to exercise it. Prior to any custodial interrogation, the person must be warned that he has the right to remain silent, that any statement he does make may be used as evidence against him, and that he has the right to consult with a lawyer, either retained or appointed, and to have the lawyer with him during the interrogation. 384 U.S. at 444, 471.

However, *Miranda* recognizes that the defendant "may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently." 384 U.S. at 444. In connection with proving a waiver, the Court warned, at p. 475:

> ... [A] heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel. ...
>
> An express statement that the individual is willing to make a statement and does not want an attorney

followed closely by a statement could constitute a waiver. . . .

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandably rejected the offer. Anything less is not a waiver." [quoting *Carnley* v. *Cochran,* 369 U.S. 506, 516 (1962)]

The trial judge has a duty to determine the admissibility of an inculpatory statement out of the presence of the jury and prior to the jury's exposure to such evidence. *See Jackson* v. *Denno,* 378 U.S. 368 (1964); HRS § 621-26. In order to effectuate this duty, the trial judge is vested with wide discretion to determine the credibility of the witnesses and to weigh the evidence in order to ascertain whether the prerequisites to admissibility are present. In this case the Court had to decide whether the required warnings were given and whether a valid waiver followed. Where the evidence is conflicting, with one version of the facts supporting admissibility and the other not supporting admissibility, the reviewing court may not disturb the finding of admissibility unless the defendant demonstrates that there has been a clear abuse of discretion on the part of the trial judge in the determination of admissibility. *Meller* v. *State,* 251 Md. 362, 247 A.2d 530, 540 (1968).

In this case, there has been no showing of such an abuse of discretion. The detective's version of what occurred at the interrogation corroborated by the signed waiver is sufficient, if believed, to sustain the heavy burden[2] thrust onto the prosecution by *Miranda* to show a waiver of the defendant's right to counsel prior to any

---

[2] *See State* v. *Davis,* 73 Wash. 2d 271, 438 P.2d 185 (1968) for a good discussion of this heavy burden.

questioning and during the interrogation. The detective testified that he had performed his duties under *Miranda* and that the defendant stated his intention to retain an attorney after his release. An uncontradicted signed waiver was introduced into evidence to corroborate this testimony.

The waiver of the right to counsel is not made any less effective or any less "knowing," "voluntary" or "intelligent" because of the fact that the defendant indicated his intention to retain counsel after his release. If a defendant is made to understand prior to interrogation that he has the rights spelled out in *Miranda,* and he intentionally relinquishes or abandons these known rights, the waiver has been accomplished. *Johnson* v. *Zerbst,* 304 U.S. 458, 464 (1938). The determination whether a defendant does actually understand the existence of these rights and affirmatively undertakes not to avail himself of the utility of these rights depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. *Id. See also, Rivers* v. *United States,* 400 F.2d 935, 943 (5th Cir. 1968). The fact that a defendant, being fully advised that he has these rights, chooses to respond to the interrogation without counsel because he lacks sufficient wisdom to recognize his need for assistance or the utility of a lawyer is irrelevant. *State* v. *McKnight,* 52 N.J. 35, 47, 243 A.2d 240, 247 (1968). *See also, United States* v. *Hall,* 396 F.2d 841, 846 (4th Cir. 1968), *cert. denied* 393 U.S. 918 (1968). "A man need not have the understanding of a lawyer to waive one." *State v. McKnight, supra* at 55, 243 A.2d at 251.

A court would be hard put to find that it is "wise" or "intelligent" (meaning "smart") for a defendant to waive any of his rights in any case. If all unwise waivers were held void, there could never be an effective waiver. Clearly

*Miranda* does not contemplate such a result. The fact that the Constitution guarantees that a defendant *may* seek legal advice to avoid the pitfalls of the legal process is not a *guarantee* by the Constitution that everything be done to assist or encourage a defendant to make the detection of the guilty as difficult as possible for law enforcement authorities. We agree with the conclusion of the New Jersey Supreme Court that once the *Miranda* warnings are given and the rights embodied therein are understood to exist and those rights are knowingly and understandingly waived, "[i]t is consonant with good morals and the Constitution, to exploit a criminal's ignorance or stupidity in the detectional process. This must be so if Government is to succeed in its primary mission to protect the first right of the individual to live free from criminal attack." *State* v. *McKnight, supra* at 53, 243 A.2d at 250-51.

Although we recognize that any waiver sufficient to meet the stringent test set up in *Miranda* may be recanted at any time, we cannot conclude that the defendant's alleged requests to use the telephone, if believed, without an accompanying explanation that the purpose was to secure counsel would be sufficient to nullify the uncontradicted express waiver which was executed in the midst of those alleged requests. It suffices to say that, among the requirements imposed by *Miranda,* one of them is *not* the unlimited use of telephone facilities for any undifferentiated purpose. The right involved in this case is the right to counsel both prior to and during the interrogation. This right is guaranteed by *Miranda,* but it may be waived if done voluntarily, knowingly, and intelligently. The court found such a waiver. We see no reason to disturb that finding.

Affirmed.

*James Krueger (Stuart M. Cowan* on the brief, *Greenstein & Cowan* of counsel) for defendant-appellant.

*Ernest A. Ito,* Deputy Prosecuting Attorney, City and County of Honolulu (*Barry Chung,* Prosecuting Attorney, with him on the brief) for plaintiff-appellee.

DISSENTING OPINION OF ABE, J., WITH WHOM
MARUMOTO, J., JOINS.

I disagree with the Court's decision and I would reverse the judgment of the trial court.

The uncontradicted testimony of the investigating officer is that when he asked the defendant whether he wanted an attorney to be present while being interrogated, the defendant had indicated that he did not want an attorney then, but wanted one after he was released.

*Miranda* v. *Arizona,* 384 U.S. 436, 471 (1966), makes it clear that an accused "has the right to consult with a lawyer and to have the lawyer with him during interrogation " for the protection of his privileges under the Fifth Amendment. *Miranda* also holds that an accused "may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently"; but where an accused is questioned without the presence of an attorney, the State has a heavy burden to demonstrate "that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel." *Miranda* v. *Arizona, supra* at 444, 475.

The role of defense counsel at the trial differs very much from the role that he plays during an interrogation. The defendant's answer to the investigating officer that he would retain an attorney after his release shows clearly that he did not know what the role of an attorney would be during the interrogation. To say that the defendant knowingly and intelligently waived his right to counsel because he signed the form of waiver presented to

him by the detective is to ignore substance to "a form of words." cf. *Silverthorne Lumber Co.* v. *United States,* 251 U.S. 385, 392 (1920) ; *Miranda* v. *Arizona, supra* at 444.

Under the record of this case, the State has failed to meet its heavy burden of showing that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel during the interrogation, and the trial judge committed prejudicial error in permitting the investigating officer to testify as to the inculpatory statement made by the defendant.