**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000408
14-SEP-2021
07:51 AM
Dkt. 61 SO**

NO. CAAP-19-0000408

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ISAAC LIAM HOPKINS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO.  1DTA-19-00572)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Isaac Liam Hopkins (**Hopkins**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 1, 2019, and the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on May 21, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]

Following a bench trial, the District Court convicted Hopkins of Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**)

_____

[1]     The Honorable Florence T. Nakakuni presided.

§ 291E-61(a)(1) (2007),[2] and sentenced him as a first-time OVUII offender.

On appeal, Hopkins contends: (1) there was insufficient evidence to convict him of OVUII because the State failed to prove impairment of his mental faculties or ability to care for himself and guard against casualty, and the District Court incorrectly stated "faculty" instead of "casualty" as an element of the offense; (2) the State failed to prove Hopkins acted with the requisite intentional, knowing, or reckless state of mind; and (3) the District Court erred by relying upon improper evidence, specifically (a) Hopkins's statement that he had one drink earlier, without the court holding a voluntariness hearing pursuant to HRS § 621-26 (2016),[3] (b) the opinion of an officer that Hopkins was intoxicated when the officer did not testify as to his opinion, (c) no testimony regarding clues to the standardized field sobriety tests (**SFSTs**) or how to interpret performance of them, and (d) Hopkins hopping for ten seconds during the one-leg stand test.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hopkins's points of error as follows, and we vacate and remand.

---

[2]     HRS § 291E-61(a) states:

§ 291E-61.  Operating a vehicle under the influence of an intoxicant.

(a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; . . . .

[3]     HRS § 621-26, entitled "Confessions, when admissible," provides: "No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made."

On February 13, 2019, Plaintiff-Appellee State of Hawaiʻi (**State**) charged Hopkins with OVUII.[4]  At the May 1, 2019 bench trial, the State presented one witness, Honolulu Police Department (**HPD**) Officer Ty Ah Nee (**Officer Ah Nee**).  Officer Ah Nee testified that while on duty on January 25, 2019, at approximately 2:30 a.m., he noticed Hopkins's vehicle traveling faster than other vehicles on the westbound lanes of the H-1 freeway under the Ward Avenue overpass.  Hopkins was measured with a  LIDAR[5] device traveling at 68 miles per hour in a 45 mile per hour zone and was observed weaving side to side within the lane.  Officer Ah Nee initiated a traffic stop, and Hopkins pulled over near the School Street offramp.  Two males were in the vehicle, with Hopkins in the driver's seat.  Officer Ah Nee explained to Hopkins that he was going 23 miles per hour over the speed limit, and Hopkins replied that he did not realize the freeway speed was only 45 miles per hour.  While speaking with Hopkins and obtaining Hopkins's license, registration, and insurance, Officer Ah Nee noticed a strong odor of an alcoholic beverage coming from the vehicle, and observed that Hopkins's eyes were watery, red, and glassy.  Officer Ah Nee informed Hopkins of his observations and asked Hopkins to participate in a

---

[4]     The complaint against Hopkins states:

> On or about January 25, 2019, in the City and County of Honolulu, State of Hawaiʻi, ISAAC LIAM HOPKINS did intentionally, knowingly or recklessly operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the Hawai[]i Revised Statutes.  ISAAC LIAM HOPKINS is subject to sentencing in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes as a first offender.

[5]     A LIDAR device is a "speed measuring device," also known as a "laser gun," that allows a police officer to estimate a vehicle's speed.

SFST.  The prosecutor then asked Officer Ah Nee if Hopkins said anything when Hopkins was informed of his observations about the "odor and the eyes," prior to the officer offering a SFST. Hopkins's counsel objected, citing a violation of HRS § 621-26 and Hopkins's "right to remain silent."  The District Court overruled the objection, and Officer Ah Nee testified that Hopkins stated, "he did drink earlier but he only had one because he was the driver . . . ."[6]

When administering the horizontal gaze nystagmus test, the officer continued to smell an alcoholic type beverage coming from Hopkins.  Hopkins's head also swayed slightly during the test, and he had to be reminded to keep his head still.  During the walk-and-turn test, Hopkins missed one heel-to-toe step on the first nine steps, swung around on his right foot, hopped a little, shuffled his feet during a turn, and missed three heel-

---

[6]    The trial transcript reflects the following:

        A.    [(OFFICER AH NEE)] So I explained my observations to him.  Mr. Hopkins, you know, I don't drink alcohol but I can smell it coming from the car. There's two of you, I'm not really sure who it's coming from or both.  If you don't mind, I just want to make sure everybody gets home safely, can you -- can you please come out and let's do a sobriety test, make sure that you both are going to be able to get home.

        Q.    [(BY PROSECUTOR)]  Okay.  Now, before we get to the exit or even the offering of the field sobriety test, when you told the defendant about your observations about the odor and the eyes, did the defendant say anything to you?

            [DEFENSE COUNSEL]:  So I'm going to object, Your Honor.  This violates 621-26, it violates defendant's right to remain silent.

            THE COURT:  No.  Overruled.

        A.    (By the Witness)  Yes.  When I explained my observations to him before I asked him out, he did -- he had said that they were coming from Waikiki and he did drink earlier but he only had one because he was the driver . . . .

The transcript reflects that Hopkins objected on grounds of both HRS § 621-26 and his constitutional right against self-incrimination.  On appeal, however, Hopkins's argument exclusively relies on HRS § 621-26 to challenge the admission of the statement.

to-toe steps and stepped off the line on the nine return steps, all of which were contrary to the instructions. During the one-leg stand test, Hopkins lifted his foot and his leg swayed, hopped a little at the ten second mark, did not look at his foot while counting, and did not raise his leg six inches, all of which were contrary to the instructions. After the SFSTs, Officer Ah Nee arrested Hopkins for OVUII.

Following the State's case, Hopkins rested without presenting any evidence. The District Court found Officer Ah Nee credible, and convicted Hopkins of OVUII.

The District Court entered judgment on May 1, 2019, and Hopkins subsequently filed a Motion for Reconsideration that was denied on May 21, 2019. Hopkins timely appealed.

We first address Hopkins's contention that the District Court, without holding a voluntariness hearing under HRS § 621-26, erroneously admitted Hopkins's statement to the officer that he had one drink, and that the District Court erroneously relied on this improperly admitted statement to convict Hopkins. This contention has merit and is dispositive.

Hopkins's statement that he had one drink was an inculpatory statement that tended to establish guilt for the offense. HRS § 621-26 "applies to inculpatory statements as well as confessions." State v. Hewitt, 149 Hawaiʻi 71, 76, 481 P.3d 713, 718 (App. 2021), cert. granted, No. SCWC-16-0000460, 2021 WL 2775190, at *1 (Haw. July 2, 2021) (citing State v. Kelekolio, 74 Haw. 479, 501 n.13, 849 P.2d 58, 69 n.13 (1993)). In Hewitt, we held that the district court in an OVUII bench trial erred when it similarly overruled the defendant's HRS § 621-26 trial objection. Id. at 72, 481 P.3d at 714. In Hewitt, the officer initially interviewed the defendant at the hospital emergency room as a potential assault victim. Id. at 73, 481 P.3d at 715. The defendant was physically incapacitated and heavily sedated. Id. The officer, after being informed that the defendant's identification was found in a pickup truck that crashed on the

side of the highway, asked the defendant if she was driving. Id. The defendant answered that "she was driving to a friend's house and parked the truck in the bushes." Id. At trial, the officer testified that he had asked the defendant whether she had been in a traffic accident. Id. at 76, 481 P.3d at 718. The State asked, "[W]hat was her response?" and defense counsel objected, which the district court overruled. Id. We held, "Rather than overruling the objection, the district court should have conducted an evidentiary hearing to determine whether [the defendant's] statement was voluntarily made, in light of the evidence that [the defendant] had sustained significant head trauma, did not know where she was, and was incoherent." Id.

Under HRS § 621-26, "[t]he trial judge has a duty to determine the admissibility of an inculpatory statement . . . ." State v. Green, 51 Haw. 260, 264, 457 P.2d 505, 508 (1969) (citation omitted). A defendant has both a "constitutional and statutory right to a judicial determination of the voluntariness of his confession" or inculpatory statement. State v. Goers, 61 Haw. 198, 201, 600 P.2d 1142, 1144 (1979); see State v. Eli, 126 Hawaiʻi 510, 520 n.17, 273 P.3d 1196, 1206 n.17 (2012) ("[C]onstitutional due process, based on article 1, section 5 of the Hawaiʻi Constitution, requires a statement to be 'voluntary' in order to be admissible.") (citation omitted).

While HRS § 621-26 does not expressly require a trial court to conduct a separate voluntariness hearing, the statute requires that the trial judge must determine "that the confession was in fact voluntarily made." (Emphasis added). Thus, the judge presiding over the trial must make a factual determination of voluntariness before the admission of the statement. See Green, 51 Haw. at 264, 457 P.2d at 508; Hewitt, 149 Hawaiʻi at 76, 481 P.3d at 718. Here, the District Court erred when it did not hold a hearing or make a factual determination of the voluntariness of Hopkins's statement before admitting the statement into evidence.

Once it has been determined that a confession or inculpatory statement was erroneously admitted into evidence, the appellate court must consider whether the erroneous admission was harmless beyond a reasonable doubt.  See State v. Baker, 147 Hawaiʻi 413, 435, 465 P.3d 860, 882 (2020) (erroneous admission of confession subject to harmless error analysis on appeal).  "In applying the harmless beyond a reasonable doubt standard, the court is required to examine the record and determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction."  State v. Jones, 148 Hawaiʻi 152, 170, 468 P.3d 166, 184 (2020) (citations omitted).

In this case, because the District Court expressly referenced Hopkins's inculpatory statement in its recitation of the evidence to support its finding of guilt,[7] the error is not harmless beyond a reasonable doubt, and we must vacate and remand for a new trial.

Given our disposition, it is not necessary to address Hopkins's remaining contentions, except for his evidentiary sufficiency challenge.  We review the sufficiency of evidence based on admissible evidence; stated another way, we must review the remaining evidence, without considering Hopkins's inculpatory statement.  See State v. Wallace, 80 Hawaiʻi 382, 413-15, 910 P.2d 695, 726-28 (1996) (holding that review for evidentiary sufficiency is based on "substantial and admissible evidence") (emphasis in original).  Evidence must be considered in the "strongest light for the prosecution;" and the "test on appeal is

---

[7]     The District Court stated:

>        And he [(Officer Ah Nee)] -- one of the things he testified to was he told Mr. Hopkins about his observations.  Oh, and also about his observations and he wasn't sure if the odor was coming from Mr. Hopkins or the other person so he asked Mr. Hopkins if he could come out of the car and do the standardized field sobriety test.  And at that point Mr. Hopkins told him that he had drank earlier but only had one drink.

(Emphasis added).

not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact." State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007).

Here, there was substantial evidence to convict Hopkins of OVUII. See id. at 157, 166 P.3d at 330. The record reflects that Hopkins was speeding 23 miles per hour over the speed limit, and did not know the speed limit despite speed control signs in the area. He was also weaving side to side within a lane and could not follow the SFST instructions. Hopkins's driving, combined with Officer Ah Nee's observations of Hopkins's physical indicia of intoxication and performance on the SFSTs, viewed in the strongest light for the prosecution, constitutes substantial, admissible evidence of Hopkins's OVUII offense. See id.; Wallace, 80 Hawaiʻi at 413-15; 910 P.2d at 726-28.

Therefore, IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on May 1, 2019, and the Notice of Entry of Judgment and/or Order and Plea/Judgment filed on May 21, 2019, in the District Court of the First Circuit, Honolulu Division, are vacated, and we remand for a new trial consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, September 14, 2021.

On the briefs:

Marcus L. Landsberg IV
(Landsberg Law Office)
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge