**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000584
06-FEB-2024
10:46 AM
Dkt. 49 SO**

NO. CAAP-19-0000584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ANDREW K. ENE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-19-0000626)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting, C.J., and Wadsworth and Nakasone, JJ.)

Defendant-Appellant Andrew K. Ene (**Ene**) appeals from the Judgment and Notice of Entry of Judgment (**Judgment**), entered on July 22, 2019, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  Ene was convicted of Criminal Property Damage in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708-823(1).[2]

On appeal, Ene contends that:  (1) "[t]he [District] Court abused its discretion by admitting evidence after [Ene]

---

[1]    The Honorable Michael A. Marr presided.

[2]    HRS § 708-823 (2014) states:

   **Criminal property damage in the fourth degree.** (1) A person commits the offense of criminal property damage in the fourth degree if by means other than fire, the person intentionally or knowingly damages the property of another without the other's consent.

      (2) Criminal property damage in the fourth degree is a petty misdemeanor.

waived [her[3]] right to testify and closing arguments were given"; (2) "[E]ne's statements were allowed in without a voluntariness hearing"; (3) "the court . . . erred by admitting hearsay statements and double hearsay statements, and 'admissions by silence' into evidence, outside of any exception"; and (4) "the record is deficient as to evidence of all the elements of the charge."  (Capitalization altered.)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Ene's contentions as follows and reverse the Judgment.

(1)  Ene contends that the District Court abused its discretion by admitting evidence – specifically, video footage recorded by the responding officer's (**Officer Nishimura**) body camera (**body cam footage**) – after Ene waived her right to testify and closing arguments had begun.  Ene argues, among other things, that if she had been "aware this other evidence was going to be used against [her], . . . that would have fundamentally affected [her] thought processes on if [she] should testify or not . . . ."

The State responds that "[u]nder the circumstances unique to this case, [the State] cannot in good faith assert that [Ene's] conviction should stand."  The State thus concedes Ene's first point of error.

Based on our review of the record, we conclude that the State's confession of error is supported by the record and well-founded in law, and that the District Court erred in admitting the evidence at issue after Ene had waived her right to testify.  See State v. Veikoso, 102 Hawaiʻi 219, 221-22, 74 P.3d 575, 577-78 (2003); see also Tachibana v. State, 79 Hawaiʻi 226, 237, 900 P.2d 1293, 1304 (1995) ("[T]he defendant may not be in a position to decide whether to waive the right to testify until all other evidence has been presented.").  We further conclude that the District Court's error was not harmless beyond a

---

[3]     Ene's answering brief refers to Ene by both he/him pronouns and she/her pronouns.  However, based on the trial record, including Ene's counsel's statement correcting his own pronoun use, we use she/her pronouns to refer to Ene in this order.

reasonable doubt.  See Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307 ("Once a violation of the constitutional right to testify is established, the conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt."); State v. Hoang, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case").

(2)  Ene contends that the District Court, without holding a voluntariness hearing under HRS § 621-26,[4] erroneously admitted certain statements allegedly made by Ene following the incident and recorded on the body cam footage, and that the District Court erroneously relied on these improperly admitted statements to convict Ene.  Although Ene does not specifically identify the statements at issue, based on the parties' briefs and the trial record, they appear to comprise at least the following statements, or synopses of statements, allegedly made by Ene:

1.  "[Y]ou lied to me.  I did that because you lied to me."

2.  "I will pay for . . . your window."

3.  "I will pay for your front windshield.  I will.  I get paid on Friday and I will pay for your windshield."

4.  "I will take [inaudible] responsibility for bashing in his window 'cause guaranteed I will pay it off."

These alleged statements are inculpatory statements that tended to establish guilt for the offense.  HRS § 621-26 "applies to inculpatory statements as well as confessions." State v. Hopkins, No. CAAP-19-0000408, 2021 WL 4167382, at *2 (Haw. App. Sept. 14, 2021) (SDO) (quoting State v. Hewitt, 149

---

[4]    HRS § 621-26 (2016) states:

No confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made.

Hawaiʻi 71, 76, 481 P.3d 713, 718 (App. 2021), rev'd on other grounds, 153 Hawaiʻi 33, 526 P.3d 558 (2023)). As we stated in Hopkins:

> Under HRS § 621-26, "[t]he trial judge has a duty to determine the admissibility of an inculpatory statement . . . ." State v. Green, 51 Haw. 260, 264, 457 P.2d 505, 508 (1969) (citation omitted). A defendant has both a "constitutional and statutory right to a judicial determination of the voluntariness of his confession" or inculpatory statement. State v. Goers, 61 Haw. 198, 201, 600 P.2d 1142, 1144 (1979); see State v. Eli, 126 Hawaiʻi 510, 520 n.17, 273 P.3d 1196, 1206 n.17 (2012) ("[C]onstitutional due process, based on article 1, section 5 of the Hawaiʻi Constitution, requires a statement to be 'voluntary' in order to be admissible.") (citation omitted).
>
> While HRS § 621-26 does not expressly require a trial court to conduct a separate voluntariness hearing, the statute requires that the trial judge must determine "that the confession was in fact voluntarily made." (Emphasis added). Thus, the judge presiding over the trial must make a factual determination of voluntariness before the admission of the statement. See Green, 51 Haw. at 264, 457 P.2d at 508; Hewitt, 149 Hawaiʻi at 76, 481 P.3d at 718.

Id. at *2-3.

Here, as the State concedes, the District Court did not hold a hearing or make a factual determination of the voluntariness of Ene's alleged statements before admitting them into evidence.[5/] This was error. Given that the court expressly referenced Ene's "admissions" in rendering its finding of guilt, we further conclude that the error was not harmless beyond a reasonable doubt.

(3) Given our disposition of Ene's first and second points of error, we need not address Ene's third point of error.

(4) Ene contends that the evidence is insufficient to support her conviction.

We review the sufficiency of the evidence based on admissible evidence; in other words, we must review the remaining evidence without considering Ene's inculpatory statements and "admissions by silence." See State v. Wallace, 80 Hawaiʻi 382, 413-15, 910 P.2d 695, 726-28 (1996) (holding that review for

---

[5/] Nonetheless, the State, relying on State v. Ikaika, 67 Haw. 563, 566, 698 P.2d 281, 284 (1985), argues that "statements made by [Ene] that were spontaneous utterances would seem to be voluntary, and as such, the trial court did not err in admitting such statements." The State's reliance on Ikaika is misplaced, as that case did not address the requirements of HRS § 621-26.

evidentiary sufficiency is based on "substantial <u>and admissible</u> evidence").  Evidence must be considered in the "strongest light for the prosecution[,]" and the "test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact."  <u>State v. Matavale</u>, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

Here, the only evidence presented at trial was the testimony of Officer Nishimura, who did not witness the alleged offense, and the body cam footage.  In rendering its decision, the District Court described the case as "close[,]" but concluded that "the body cam video puts into context everything that was said, gives statements context, and . . . the State has proven this case beyond a reasonable doubt because the statements in the [trial] memorandum by the State are admissions."  However, the purported "admissions" were inadmissible.  Absent these admissions, there was no substantial evidence supporting the conclusion that Ene "intentionally or knowingly damage[d] the property of another without the other's consent."  HRS § 708-823.  Accordingly, Ene's conviction for Criminal Property Damage in the Fourth Degree must be reversed.

For the reasons discussed above, the Judgment and Notice of Entry of Judgment, entered on July 22, 2019, in the District Court of the First Circuit, Honolulu Division, is reversed.

DATED:  Honolulu, Hawai'i, February 6, 2024.


On the briefs:

Marcus L. Landsberg IV
(Landsberg Law Office),
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge