**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000597**
**15-MAY-2026**
**08:25 AM**
**Dkt. 76 SO**

NO. CAAP-24-0000597

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RACHELLE WILHELM, also known as Rachele Wilhelm,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DTC-24-005546)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Rachelle Wilhelm (**Wilhelm**) appeals from the District Court of the First Circuit's (**district court**)[1] August 28, 2024 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**).

On April 29, 2024, the Plaintiff-Appellee State of Hawai'i (**State**) charged Wilhelm by Complaint with Driving Without

---

[1] The Honorable Bryant G.F.Y. Zane presided.

License in violation of Hawaii Revised Statutes (**HRS**) § 286-102 (2020). Following a jury-waived trial, the district court found Wilhelm guilty, sentenced Wilhelm to serve six hours of community service in lieu of a $100 fine, and waived all applicable fees upon finding an inability to pay.[2] Wilhelm appealed.

On appeal, Wilhelm raises two points of error, contending that "[t]he district court erred when it adjudged Wilhelm guilty": (1) "on the basis of an improperly admitted confession"; and (2) "because the evidence adduced at trial was insufficient to support conviction."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we address Wilhelm's points of error on appeal as follows:

(1) Wilhelm contends that the district court erred by improperly admitting Wilhelm's statement, made to Officer Joshua Zara (**Officer Zara**), that Wilhelm "handed [Officer Zara] her state ID and stated she does not have a license." "[W]e apply a de novo standard of appellate review to the ultimate issue of

---

[2] The State also alleged that Wilhelm should be sentenced in accordance with HRS § 286-136(b) (2020) for having had two or more prior convictions for Driving Without License in the five-year period preceding the instant offense. The district court found that the State did not prove Wilhelm's prior convictions, and sentenced Wilhelm for Driving Without License as a petty misdemeanor.

the voluntariness of a confession." State v. Baker, 147 Hawaiʻi 413, 422, 465 P.3d 860, 869 (2020) (cleaned up).

A criminal conviction may not be based on an involuntary confession. Id. at 422-23, 465 P.3d at 869-70. Wilhelm's statement that she did not have a license was inculpatory. Pursuant to HRS § 621-26 (2016), "[t]he trial judge has a duty to determine the admissibility of an inculpatory statement," and this factual determination must be made prior to the admission of the statement. State v. Green, 51 Haw. 260, 264, 457 P.2d 505, 508 (1969) (citations omitted). Here, as the State concedes, the district court did not make the requisite factual determination prior to admitting Wilhelm's statement into evidence.

The admission of Wilhelm's statement was therefore erroneous, and we must consider whether the erroneous admission of Wilhelm's statement was harmless beyond a reasonable doubt. See Baker, 147 Hawaiʻi at 435, 465 P.3d at 882 (explaining that an erroneous admission of a confession is subject to the harmless error analysis on appeal). "In applying the harmless beyond a reasonable doubt standard, the court is required to examine the record and determine whether there is a reasonable possibility that the error complained of might have contributed to the conviction." State v. Jones, 148 Hawaiʻi 152, 170, 468 P.3d 166, 184 (2020) (citation omitted).

The district court's voluntariness determination is set forth in the following findings of fact (**FOFs**) and conclusions of law (**COLs**)[3]:

> [FOF] 20. Officer Zara approached the driver's side of the vehicle and asked [Wilhelm] for her license, registration, and insurance;
>
> [FOF] 21. [Wilhelm] then handed Officer Zara her state identification card ("state id") and stated that she does not have a license;
>
> [FOF] 22. [Wilhelm's] statement was voluntarily made;
>
> . . . .
>
> [COL] 3. Officer Zara was allowed to order [Wilhelm] to produce her driver's license, car registration, and proof of no-fault insurance. State v. Aguinaldo, 71 Haw. 57, 64 (1989); HRS §§ 286-116, 286-47;
>
> [COL] 4. Officer Zara did not ask [Wilhelm] a question. [Wilhelm] was, therefore, not subject to custodial interrogation at that time. State v. Wallace, 105 Hawaiʻi 131, 137 (2004).
>
> [COL] 5. Prior to considering [Wilhelm's] statement that she does not have a license as evidence and after considering the totality of the circumstances surrounding the statement, the Court determined that the statement was voluntarily made. State v. Green, 51 Haw. 260, 264 (1969); HRS § 621-26.

The record reflects that Wilhelm made the statement while stopped and temporarily detained at a roadblock. Upon approaching Wilhelm's car, Officer Zara was statutorily required to ask Wilhelm for her driver's license. See HRS § 286-116(a)

---

[3] We note that, at defense counsel's request, the district court ordered the parties at the conclusion of trial to file proposed FOFs and COLs by September 11, 2024. Wilhelm now contends that the district court erred by entering the FOFs and COLs after sentencing. This argument, which was raised for the first time in Wilhelm's reply brief, is waived. See Campos v. Plan. Comm'n, 153 Hawaiʻi 386, 404, 539 P.3d 170, 188 (App. 2023) ("Points raised for the first time in a reply brief are deemed waived." (citation omitted)).

(2020) ("Every police officer or law enforcement officer when stopping a vehicle or inspecting a vehicle for any reason shall demand that the driver or owner display the driver's or owner's driver's license and insurance identification card."). Unprompted, Wilhelm freely and unconstrainedly volunteered that she did not have a driver's license. See Baker, 147 Hawaiʻi at 422, 465 P.3d at 869 ("In order for a statement to be voluntarily given, the decision to give the statement must have been a free and unconstrained choice." (citation omitted)).

We conclude the district court was not wrong in determining that Wilhelm's statement was voluntarily made and not coerced. Thus, any error in failing to determine voluntariness prior to admitting Wilhelm's confession was harmless beyond a reasonable doubt.

(2) Wilhelm contends that the record evidence is insufficient to support conviction. We apply the following standard in our review of Wilhelm's contention:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawaiʻi 43, 49, 237 P.3d 1109, 1115 (2010) (citation omitted). "Substantial evidence . . . is credible evidence which is of sufficient quality and probative value to

enable a person of reasonable caution to support a conclusion." Id. (cleaned up).

In determining that Wilhelm committed the offense of Driving Without License, the district court relied upon Wilhelm's statement that she did not have a driver's license, as well as corroborating evidence establishing that "[Wilhelm] was driving a car, that upon being ordered to produce her license she produced a state id instead, [and] that no driver's license was produced at the time of Officer Zara's order." We conclude that this evidence was "of sufficient quality and probative value to enable a person of reasonable caution" to conclude that Wilhelm was driving without a license. See id.

For the foregoing reasons, we affirm the Judgment.

DATED: Honolulu, Hawaiʻi, May 15, 2026.

On the briefs:                          /s/ Karen T. Nakasone
                                        Chief Judge
Seth Patek,
Deputy Public Defender,                 /s/ Sonja M.P. McCullen
for Defendant-Appellant.                Associate Judge

Loren J. Thomas,                        /s/ Kimberly T. Guidry
Deputy Prosecuting Attorney,            Associate Judge
City and County of Honolulu,
for Plaintiff-Appellee.